## AMERICAN LUMBERMEN'S MUT. CASUALTY CO. v. LOWE, Deputy Com'r, et al.

### No. 318.

Circuit Court of Appeals, Second Circuit.

April 30, 1934.

---

Alexander, Ash & Jones, of New York City (Edward Ash and Lawson R. Jones, both of New York City, of counsel), for complainant-appellant.

Louis A. D'Agosto and James F. Doyle, both of New York City (Louis A. D'Agosto, of New York City, of counsel), for defendants-appellees.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

On October 13, 1932, Natale Avaltroni, a longshoreman in the employ of A. Pellegrino & Son, Inc., sustained injuries resulting in his death while working on the steamship Astrea. Shortly after his death, the widow, Susie Avaltroni, called at the office of the American Lumbermen's Mutual Casualty Company and was there informed by a claim adjuster that she could institute an action against the Royal Netherlands Steamship Company, the owner of the ship, and that, if she later chose to discontinue this action she could do so and compensation would be paid to her under the Longshoremen's & Harbor Workers' Compensation Act. She thereupon instituted an action in the New York Supreme Court against the third party, and prior thereto, on December 7, 1932, filed a notice in the office of the Deputy Commissioner of her election to sue such third party. The action was thereafter removed to the United States District Court for the Eastern District of New York. On March 14, 1933, the widow, having been served with a statutory notice for arrears of rent, having been threatened with seizure of her furniture for non-payment of installments due, and finding herself in a destitute condition, orally informed the compensation claims manager of the American Lumbermen's Mutual Casualty Company that because of her financial condition she would be unable to await the outcome of her action against the third party and would be obliged to discontinue it and offered to assign her rights to the insurance carrier. Thereafter, on April 6, 1933, she notified the compensation commissioner and the insurance carrier by registered mail of her intention to discontinue the action against the third party. On April 14, 1933, the widow filed a claim for compensation on behalf of herself and four children under 18 years of age. On April 26, 1933, notice of a motion to discontinue the action in the District Court was served upon the carrier, who was not a party thereto, and upon the Royal Netherlands Steamship Company and its attorneys. The carrier was represented at the hearing by an attorney who filed an affidavit that the carrier was not a party to the action and did not consent to the discontinuance. On May 9, 1933, an order was entered discontinuing the action in the District Court and reciting that there was no appearance in opposition.

Formal hearings were thereupon held before the Deputy Commissioner on the widow's claim for compensation which resulted in an award, to restrain the enforcement of which this suit was brought.

Upon the trial, in which the foregoing facts were developed, Judge Campbell held that the Longshoremen's and Harbor Work-

618

ers' Compensation Act (33 USCA §§ 901–950) did not make the suit by the claimant in the District Court a final election and that after bringing her action she could still discontinue it and exercise her rights under the Compensation Act. From the decree entered dismissing the bill, the carrier appeals.

■ The question of law raised by this appeal is whether the claimant, who has elected to sue a third party wrongdoer, could change her mind and claim compensation before having first carried the suit to judgment in order to fix the deficiency.

Section 33(a) of the Compensation Act, 33 USCA § 933(a) provides that: "If on account of a disability or death for which compensation is payable * * * the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the commission may provide, to receive such compensation or to recover damages against such third person."

Subsequent subdivisions of section 33 go on to say (b), 33 USCA § 933 (b), that "Acceptance of such compensation shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person," and (g), 33 USCA § 933 (g), "If a compromise with such third person is made by the person entitled to compensation * * * of an amount less than the compensation to which such person * * * would be entitled to under this chapter, the employer shall be liable for compensation * * * only if such compromise is made with his written approval."

It is evident that either an acceptance of compensation under (b) or a compromise with a third person and without written consent of the employer under (g) constitutes a *final* election that will bar other remedies. But there is nothing in (a) suggesting that bringing an action against the third person amounts to a final election. Nor, in the absence of such delay as will prevent the employer or its carrier from effectively availing themselves of their rights against the third person by way of subrogation, would there seem to be adequate reason for depriving a person entitled to compensation of the right to discontinue her action and seek compensation under the statute. Such a locus pœnitentiæ is ordinarily available, where separate remedies against different persons exist.

■ A clause in the Massachusetts Compensation Act (G. L. Mass. c. 152, § 15) providing that an employee, who has a remedy against a person other than the insurer, "may * * * proceed either at law against that person to recover damages or against the insurer for compensation," has been held to render the mere bringing of an action at law against the third party a final election. Sciacia's Case, 262 Mass. 531, 160 N. E. 310. Likewise it seems to have been held in Matter of Breital v. Hinderstein, 236 App. Div. 203, 258 N. Y. S. 237, affirmed 261 N. Y. 556, 185 N. E. 736, that the bringing of an action without more will constitute a final election. Section 29 of the New York Workmen's Compensation Act (Consol. Laws N. Y. c. 67) provides that an injured employee "shall, before any suit or any award under this chapter, elect whether to take compensation under this chapter or to pursue his remedy against such other" person. This language gives some ground for saying that the New York act in terms requires a final election at the very outset. But we can discover nothing in the Longshoremen's and Harbor Workers' Compensation Act to make an election irrevocable where there has been no payment of compensation, nor a compromise with a third person without the consent of the employer. Nor are we bound to follow the decision of the New York courts in Matter of Breital v. Hinderstein, supra, in construing a federal statute when its language is different from that of the New York act and the comparable provisions had received no judicial interpretation from the New York courts until after the Longshoremen's and Harbor Workers' Compensation Act was adopted.

In our opinion some prejudice to the employer or the carrier from the discontinuance of the action ought to be shown in order to render the initial election unalterable. Here there was none. When the action was discontinued, the statute of limitations had long to run, so that the employer, as soon as the widow determined to proceed under the Compensation Act, became subrogated to her rights against the Royal Netherlands Steamship Company by reason of section 33 (b) of that act (33 USCA § 933 (b), and had plenty of time to bring the action.

■ Aside from all this, there could be no final election when the widow was misled as to her rights by the statements of the claims manager of the carrier, who told her that if she found she could not continue the action against the third party she could drop it and obtain compensation under the act. He testified that he was "in charge of compensation claim matters," and the head of the claim de-

partment of an insurance company must be regarded as having had authority to make such representations as he did to persons seeking adjustment of their claims. The representation to Mrs. Alvatroni that if she could not continue the third party action she might drop it and institute compensation proceedings, justified her in taking such a course and clearly estopped the carrier from claiming that any election which might arise from the institution of that action was irrevocable and prevented her from seeking and obtaining a compensation award. Noble Drilling Co. v. Murphy, 131 Okl. 34, 267 P. 659.

The decree dismissing the bill of complaint is affirmed.