## CUPO v. ISTHMIAN S. S. CO., Inc.

District Court, S. D. New York.
March 31, 1941.

David M. Fink and Jacquin Frank, both of New York City (Charles Glatzer, of New York City, of counsel), for plaintiff.

James A. Hughes, of New York City (Henry Allen Mark, of New York City, of counsel), for defendant.

LEIBELL, District Judge.

Plaintiff moves this Court for an order dismissing the "First" and "Sixth" affirmative defenses of defendant's answer, on the ground that such defenses are insufficient in law.

The action is brought to recover damages arising from personal injuries sustained by the plaintiff on August 29, 1940, by reason of defendant's alleged negligence. At the time of the accident the plaintiff, an employee of the Jarka Corporation, a stevedoring contractor, was working as a longshoreman on the vessel "Steel Inventor" which was owned by the defendant. Plaintiff accepted compensation under the Longshoremen's and Harbor Workers' Compensation Act, which was paid to him by his employer, the Jarka Corporation, said payment commencing shortly after the alleged accident. The summons and complaint herein, dated December 18, 1940, were served upon the defendant. On March 6, 1941, defendant served its answer setting up, inter alia, the two defenses which are the subject of this motion.

The "First" affirmative defense recites that the plaintiff's employer, Jarka Corporation, has fully complied with the Longshoremen's and Harbor Workers' Compensation Act, Chap. 509, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq., and has paid plaintiff compensation as provided by such law. Said defense further recites that by virtue of Section 5 of said Act the liability of the employer "is exclusive" and in place of all other liability of the employer to the employee arising out of injury or death sustained in the course of employment.

The "Sixth" affirmative defense incorporates by reference the foregoing allegations of the "First" defense and in addition thereto recites that under the said Act the acceptance by the plaintiff of compensation from his employer worked an assignment to plaintiff's employer of all rights of action "to recover damages against any person other than his employer who may be liable in damages for the injuries alleged in the complaint".

From a reading of the "First" defense it seems that the defendant, an alleged third party tort-feasor, is attempting to avail itself of the protective provisions of Section 5 of this compensation act, 33 U.S.C.A. § 905. That section absolves an employer from any liability to his employee provided the employer has complied with the various provisions of the Act. If this action were against the Jarka Corporation the defense would be available to that corporation as plaintiff's employer. A third party tort-feasor, however, may be sued by the injured employee and said section 905 in and of itself does not in any way absolve such third party from liability to the employee. Rederii v. Jarka Corp., D.C., 26 F.Supp. 304. The first defense, so construed, must be held to be insufficient as a matter of law.

However, defendant in its brief contends that inasmuch as pleadings should be liberally construed in favor of the pleader, the "First" defense must be construed as setting up the defense of election of remedies, referred to in Section 933, although no facts are pleaded in said "First" defense which in any way relate to said Section 933. Defendant asserts that by the acceptance of compensation plaintiff has elected to waive his right to sue a third party tort-feasor. The election provided for in Section 933(a) is an election to sue a third party, by notice to that effect given to the deputy commissioner. Said section states:

"§ 933. Compensation for injuries where third persons are liable. (a) If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the commission may provide, to receive such compensation or to recover damages against such third person.

"(b) Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall

operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person. As amended June 25, 1938, c. 685, § 12, 52 Stat. 1168."

The defendant also asserts that at the moment the plaintiff accepted compensation from his employer, he made a final and binding election and cannot now sue a third party tort-feasor. Defendant also argues that the mere acceptance of compensation from plaintiff's employer transferred by operation of law all plaintiff's rights to his employer. I do not see that this has anything to do with the "First" defense, although it is alleged in the "Sixth" defense. The "First" defense is accordingly dismissed.

It may be that the allegations of the "Sixth" defense would have been good under Section 933(b) as it was worded prior to its amendment in 1938. It formerly provided:

"Acceptance of such compensation shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person * * *." 44 Stat. 1440.

Because of the express wording of the old section the courts were forced to hold that the mere acceptance of compensation operated to divest the employee of all rights and worked an automatic transfer to the employer of the cause of action of the employee against a third party. Chapman v. Hoage, 296 U.S. 526, 56 S.Ct. 333, 80 L.Ed. 370; American Lumbermen's Mut. Casualty Co. v. Lowe, 2 Cir., 70 F.2d 616; The Nako Maru, 3 Cir., 101 F.2d 716; Moore v. Christiensen S. S. Co., 5 Cir., 53 F.2d 299; Sciortino v. Dimon S. S. Corp., D.C., 39 F.2d 210, 211, affirmed 2 Cir., 44 F.2d 1019; Hunt v. Bank Line, Ltd., et al., 4 Cir., 35 F.2d 136.

In June, 1938, Congress amended Section 933(b) supra, by rephrasing the subdivision to provide that the rights of an employee were not automatically assigned to the employer by the mere acceptance of compensation. Such an assignment takes place only if the compensation is accepted by the employee, after the entry of an order by a deputy commissioner fixing the employee's award. The reasons motivating Congress to thus revise Section 933(b) are found in Report No. 1945, House of Representatives, 75th Congress, 3rd Session, entitled, "Amending the Longshoremen's and Harbor Workers' Compensation Act", dated March 14, 1938. (A similar report was submitted to the Senate under the same title, bearing Report No. 1988 and dated June 6, 1938.)

The portion of this report, which is pertinent to the changes effected in Section 933(b), states:

"Section 12. The purpose of this amendment is to remove possible cause of complaint regarding the operation of the provision in subdivision (b) of section 33 in making the mere acceptance of compensation work automatically an assignment to the employer of all rights of action against the third party tort feasor. Acceptance of compensation without knowledge of the effect upon such rights may work grave injustice. The assignment of this right of action against the third party might properly be contingent upon the acceptance of compensation under an award in a compensation order issued by the deputy commissioner, thus giving opportunity to the injured person, or to the beneficiaries in case of death, to consider the acceptance of compensation from the employer with the resulting loss of right to bring suit in damages against the third party, or a refusal of compensation so as to pursue the remedy against the third party alleged to be liable for the injury. In the proposed amendment the final clause of the present wording of this subdivision has been omitted as unnecessary. This amendment follows the New York workmen's compensation law which contains a provision that the 'awarding' of compensation shall operate as an assignment of the cause of action."

The "Sixth" defense is predicated on the assumption that the acceptance of compensation automatically assigns all plaintiff's rights to his employer. As has been pointed out above, this contention must be overruled by virtue of the express language of Section 933(b) as amended. There is no allegation in the "Sixth" defense that the compensation was accepted by plaintiff after an order awarding compensation had been made by a deputy commissioner. The motion to strike the "Sixth" defense as insufficient in law is also granted. Defendant will be permitted to amend this "Sixth" defense, if the fact is that an order awarding compensation to plaintiff has been made by a deputy com-

48

missioner and if plaintiff thereafter accepted compensation under said award. The order may contain a provision for leave to amend the "Sixth" defense.

Settle order on notice.