IGNACI JAKUBOSKI, Appellant, v. MATSON NAVIGATION Co. and THE ISTHMIAN STEAMSHIP Co., Respondents.— In an action by plaintiff, a longshoreman, against third parties to recover damages for personal injuries, a separate defense, contained in the amended answer, which pleads the provisions of the Federal Longshoremen's and Harbor Workers' Compensation Act pertaining to the securing of compensation and that plaintiff's employer had secured for and paid to plaintiff compensation as provided in said act, is sufficient in law to constitute an election by plaintiff under subdivision (a) of section 33 of said act (U. S. Code, tit. 33, § 933, subd. [a]) without a specific allegation that plaintiff had made such election. The acceptance of compensation by the plaintiff precludes him from proceeding against defendants to recover damages. (Hunt v. Bank Line, 35 F. [2d] 136.) However, the " Sixth " defense, which fails to plead that the compensation was accepted by plaintiff under an award in a compensation order filed by the deputy commissioner, is insufficient in law for the reason that the acceptance of compensation under an award has been made a condition precedent to the assignment of plaintiff's cause of action to his employer by the provisions of subdivision (b) of section 933 of title 33 of the United States Code, as amended June 25, 1938. The mere allegation that plaintiff has accepted compensation voluntarily paid by his employer is insufficient to divest plaintiff of his cause of action against defendants either by the statutory assignment or by force of the employer's equity of subrogation or his right of indemnification. Order, in so far as it denies plaintiff's motion to strike out the

" Sixth " separate defense contained in the amended answer and grants defendants' motion to compel plaintiff to reply to said defense, modified on the law, so as to provide that plaintiff's motion to strike out the " Sixth " defense is granted, and defendants' motion to compel plaintiff to reply to said defense is denied. As so modified, the order is affirmed, without costs, the plaintiff to serve his reply to the " Fifth " affirmative defense within ten days from the entry of the order hereon. Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.