## BRUSICH v. GRACE LINE, Inc.

District Court, S. D. New York.

Jan. 6, 1944.

Jacob Rassner, of New York City, for plaintiff.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (Walter X. Connor, of New York City, of counsel), for defendant.

CAFFEY, District Judge.

The plaintiff moves for two things. One is to strike out the answer. The other is to strike out the third defense (paragraphs 16 to 21) of the answer, referred to in the notice of motion as "the defense of compensation."

I discover no ground for eliminating the answer in its entirety; nor has any been suggested. The sole matter for discussion, therefore, is the third defense.

The issue turns on Section 33 of the Longshoremen's and. Harbor Workers' Compensation Act, 33 U.S.C.A. § 933. The injury of which the plaintiff complains and which is the basis of the action is alleged to have occurred on October 13, 1941 (paragraph 11 of the complaint). Subdivision (b) of Section 33 was amended on June 25, 1938. That was more than three years prior to the accident. In consequence, at the time of the accident subdivision (b) as amended was in force.

Subdivisions (a) and (b) of Section 33 deal with conditions (there specified) affecting compensation under the terms of the statute. Subdivision (a) confers on the person entitled to compensation a right to choose, as between his employer and a third party, from which he shall receive the compensation or recover damages. Subdivision (b) deals with assignment of the cause of action for the injury. Otherwise put, subdivision (a) grants a right and subdivision (b) prescribes a method for its exercise.

According to the third defense (paragraphs 16 to 19 of the answer), when the plaintiff was hurt he was employed by the Huron Stevedoring Corporation and his injury was inflicted in the course of his employment by that corporation. The action here is brought against the Grace Line. Within the meaning of subdivision (a), therefore, the employer was Huron Stevedoring Corporation and the third party is

the Grace Line. In other words, what is claimed in paragraph 20 of the answer in essence is the equivalent of saying that the plaintiff elected to sue the Grace Line, as it has done.

What is the result? The answer is to be derived from subdivision (b).

Nevertheless, in order accurately to interpret subdivision (b), we must keep in mind exactly what is said in subdivision (a). In substance, it is this: If the plaintiff determined that some third person (i. e., some one other than the employer) was liable to him for damages, he was free, by giving a prescribed notice, "to receive such compensation or to recover damages against such third person."

What then follows is that in subdivision (b) it is, and ever since 1938 has been, provided that acceptance by the plaintiff of such compensation in a specified way "shall operate as an assignment to the employer of all right" of the plaintiff [the person injured] "to recover damages against such third person" [who here is the Grace Line].

The way in which on its face such compensation shall be accepted, in order to transfer the cause of action to the employer, and thus deprive the employee of any right to maintain suit against the third person, is definitely provided in subdivision (b). In order to accomplish the transfer the acceptance (says the statute) shall be "under an award in a compensation order filed by the deputy commissioner." It is solely by this kind of procedure that title to the cause of action for the injury can pass, in literal conformity with the statute, to the employer.

In the answer (third defense) it is not alleged that the deputy commissioner ever made or filed such an order. Hence, a condition precedent to effective transfer to the employer of the cause of action is not shown to have happened. In consequence of the absence of such a showing I feel that a defense is not stated.

It has been so held by two judges of this court. One ruling was by Judge Leibell in Cupo v. Isthmian S. S. Co., D.C., 56 F.Supp. 45. Another was by Judge Coxe in Pugliese v. Panama Transport Co.,[1] Civ. 21/389, under date of October 5, 1943.

It has been suggested that under subdivision (a) of Section 33 a sufficient election between remedies cannot be made except by the method there provided. With respect to the method it is prescribed that it be "by [the person entitled to compensation] giving notice to the deputy commissioner in such manner as the commission may provide." There is no allegation in the third defense that any such notice was ever given. Accordingly, the defendant insists that no valid election has ever been made.

As mere matter of argument—predicated solely on the language employed—I am impressed that the contention has plausibility. On the other hand, the statute has been in force for sixteen years. To date no "manner" of notice has been fixed by the commission. Is it reasonably conceivable that an administrative body, through mere failure to adopt a rule, can deprive all beneficiaries of the statute of the valuable right to elect the remedies they prefer? Congress gave the right. Can the commission so easily nullify it? Those concerned come within a favored class. It is the duty of the courts to treat them as wards. Would the courts measure up fully to that duty if they demanded such exactness of compliance with the statute as the argument implies should be exacted?

Although the facts have not been fully developed, it appears (as I understand the papers) that an employee's claim for compensation, on form U.S. 205—a copy of which about March 10, 1943, was filed by the plaintiff with the commission (contained in an exhibit submitted to me by the attorneys for the defendant)—has always been treated by the commission as meeting the requirements of notice of election provided for in subdivision (a). The hardships of a court decision the other way at this stage is, of itself, a strong reason, if possible, for rejecting an interpretation which would annul, or even interfere with, the practice of the commission with respect to notice. I am informed that before suit it is customary also for the claimant to file with the commission notice of intention to sue on form U.S. 213; but no copy of that has been furnished me.

Again, the New York State statute on the subject is the progenitor of the Federal statute under consideration. I am informed that the practice on the point of the administrators of the two statutes has been sub-

---

[1] No opinion for publication.

stantially uniform. If so, it seems to me that this fact adds weight against construing subdivision (a) of Section 33 of the Federal statute as so peremptory in its nature as is advocated by counsel for the defendant.

While my attention has not been drawn to any precise applicable court decision and I have not had time to search for one, under the circumstances I do not feel warranted in holding that the defect described deprives the persons entitled to compensation of the specific right conferred by Congress to choose which among the two may be pursued. Cf. American Lumbermen's Mut. Casualty Co. v. Lowe, 2 Cir., 70 F. 2d 616, 617, 618.

The motion to strike out the answer is denied. The motion to strike out the third defense is granted, with leave to amend within ten days after the service on the defendant's attorneys of a copy of the order hereon.

Settle order on two days' notice.