## TARTAGLIO v. CUNARD WHITE STAR, Limited.

District Court, S. D. New York.

Feb. 17, 1944.

Jacob Rassner and Benjamin Green, both of New York City, for plaintiff.

Lord, Day & Lord, of New York City, for defendant.

RIFKIND, District Judge.

The question presented by this motion to strike the 5th affirmative defense is whether, in an action by a longshoreman

against a third person for injuries caused by its negligence, a defense is sufficient which pleads that the plaintiff accepted compensation from his employer as provided by the Longshoremen's and Harbor Workers' Compensation Act, without also alleging that it was accepted "under an award in a compensation order filed by the deputy commissioner."

Since the 1938 amendment of subdivision (b) of § 33 of the Act, 33 U.S.C.A. § 933 (b), it has been uniformly held by the judges of this district that such a defense is insufficient.[1]

The contrary has been held by the New York state courts. Jakuboski v. Matson Navigation Co., 1942, 264 App.Div. 735, 34 N.Y.S.2d 352; Cocasso v. Erie Railway Co., Sup.1943, 44 N.Y.S.2d 373.

I am inclined to the view that logic is on the side of the district court decisions cited in the margin.

As I read § 33 it provides two distinct means whereby an employee, coming within the scope of the Act, may lose his right to sue a third person. The first is provided by § 33(a) and calls for an election by the injured employee, evidenced by notice to the deputy commissioner, to receive compensation rather than to recover damages against a third person. The second is provided by subdivision (b), and is accomplished by acceptance of compensation under an award which operates as an assignment of the claim against the third person to the employer. The defense pleaded does not come within the provisions of either (a) or (b). It neither satisfies the statutory definition of an election nor does it plead the events necessary to constitute an assignment by operation of law. I think that Toomey v. Waterman S. S. Corp., 2 Cir., 1941, 123 F.2d 718, reads the amended statute as I read it.

It is true, as the defendant argues, that before the 1938 amendment, acceptance of compensation without an award was said to constitute an election. Hunt v. Bank Line, Ltd., 4 Cir., 1929, 35 F.2d 136. Since, as the law then stood, such an acceptance operated as an assignment, the need for differentiation between loss of right under subdivision (a) or (b) was not keen. Re-

liance cannot, therefore, be placed upon the language of the court where it referred to the acceptance of compensation as an election. Now that the distinction between election and assignment has become material, the necessity for differentiation becomes imperative.

Motion granted, with leave to amend within ten days.

[1] Cupo v. Isthmian S. S. Co., D.C., 56 F.Supp. 45, Leibell, J.; Pugliese v. Panama Transport Co., [no opinion for publication] Oct. 6, 1943, Coxe, J.; Militano v. United States of America, D.C., 55 F.Supp. 904, Conger, J.; Iaria v. Silver Line, Inc., D.C., 56 F.Supp. 42, Mandelbaum, J.; Brusich v. Grace Line, Inc., D.C., 56 F.Supp. 48, Caffey, J.