CHRISTIE RICCIARDI, Appellant, *v.* AMERICAN EXPORT LINES, INC., Respondent.

Second Department, January 2, 1945.

*Paul O'Dwyer* and *Dora Aberlin* for appellant.

*Joseph M. Meehan* and *Edward Ash* for respondent.

*Per Curiam.* The plaintiff was a stevedore employed by the Union Stevedoring Corporation. On May 13, 1942, he was working on a ship owned by the defendant and was injured while so employed. Shortly after the accident the plaintiff's employer paid him the amounts of compensation provided to be paid in such case by the Federal Longshoremen's and Harbor Workers' Compensation Act (U. S. Code, tit. 33, § 901 *et seq.*). On December 8, 1942, plaintiff gave formal notice to the Compensation Commission that he elected to pursue his remedy against the defendant, a third party. This action was commenced in January, 1943.

We are concerned on this appeal with three of the defenses set up in the defendant's answer. Those defenses, in substance, may be stated as follows:

Third defense: That the injuries were due to a risk incident to the plaintiff's employment and voluntarily assumed by the plaintiff.

Fourth defense: That the injuries were due to the negligence of a fellow servant.

Fifth defense: That the plaintiff had accepted compensation payments from his employer's compensation insurance carrier and the acceptance of such compensation precluded the plaintiff from proceeding against the defendant by virtue of section 33, subdivision (a), of the Longshoremen's and Harbor Workers' Compensation Act (U. S. Code, tit. 33, § 933, subd. [a]).

The plaintiff appeals from the order of Special Term which denies his motion to strike out the said three defenses, from the order granting summary judgment dismissing the complaint and from the judgment entered thereon.

The third and fourth defenses, *supra*, are usually asserted by an employer; and here the complaint alleges that the plaintiff was in the employ of a party other than defendant. The answer denies that allegation, and hence it was proper to permit the third and fourth defenses to stand.

The motion for summary judgment was granted on the ground that the fifth defense is sufficient in law and is established by documentary evidence. The judgment was entered in conformity with the order entered thereon. Determination of the propriety of this order requires the examination of the Longshoremen's and Harbor Workers' Compensation Act, as amended. Under the act an injured workman must elect whether he will accept the compensation provided therein or sue a third party who caused the injury. Unlike his rights under the New York State statute, he may not have both. The prime question on this appeal is whether or not the plaintiff has made an election to receive compensation by reason of his having actually received it, although not paid under an award by a commission or commissioner, and therefore has no right to maintain this action against the third party.

It appears without dispute that no formal hearing was held before the Deputy Compensation Commissioner with respect to the plaintiff's injuries and no award of compensation was ever made by the Commission. Beginning shortly after the accident, the plaintiff's employer paid him the amounts of compensation provided in the act to be paid for his type of injury up to October 30, 1942, when payments ceased. In addition, the employer paid plaintiff's hospital and medical expenses, also provided for in the act. The employer stopped payments after plaintiff's doctor reported that plaintiff was fit to return to work. Thereafter an impartial doctor, selected by the Commissioner, examined plaintiff and reached the same conclusion. The examination by the impartial doctor was on November 25, 1942. On December 8, 1942, plaintiff gave formal notice to the Compensation Commission that he elected to pursue his remedy against a third party. No formal hearing was held before the Compensation Commission with respect to plaintiff's injuries and no award was ever made by the Commission. Did the acceptance of compensation by the plaintiff under the circumstances deprive him of his right to maintain the present third party action? We think not.

The governing provisions of the act are found in section 933 of title 33 of the United States Code. The pertinent parts of that section are the following:

" § *933. Compensation for injuries where third persons are liable.*

" (a) If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the commission may provide, to receive such compensation or to recover damages against such third person.

" (b) Acceptance of such compensation *under an award in a compensation order* filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person." (Emphasis supplied.)

We believe that subdivisions (a) and (b) should be read as one continuous, integrated enactment. Thus read, there is required the holding that the acceptance of compensation which was paid without an award did not constitute an election by the plaintiff to accept compensation rather than to sue a third party. (*Tartaglio* v. *Cunard White Star*, 56 F. Supp. 55; *Pugliese* v. *Panama Transport Co.*, opinion by Judge COXE in the United States District Court for the Southern District of New York, October 5, 1943; *Brusich* v. *Grace Line*, 56 F. Supp. 48; *Cupo* v. *Isthmian S. S. Co.*, 56 F. Supp. 45; Report No. 1945, House of Representatives, 75th Congress, Third Session, entitled, " Amending the Longshoremen's and Harbor Worker's Compensation Act," dated March 14, 1938.)

This decision is not in harmony with our holding in the two cases of *Jakuboski* v. *Matson Navigation Co.* (264 App. Div. 735, and 265 App. Div. 859). When those cases were decided the legislative purpose and intention in amending the act in 1938, as expressed in the report to the House of Representatives, and the uniform holdings of the Federal courts interpreting the act as amended, were not called to our attention. Such legislative expression and Federal court interpretation of this Federal act make imperative retraction of our holding in the *Jakuboski* cases.

The order denying the plaintiff's motion to strike out the second, third, fourth and fifth defenses should be modified on

the law by adding to the first ordering paragraph, after the word " Second ", the words " and Fifth." As thus modified, the order insofar as appealed from, should be affirmed, without costs.

The order granting defendant's motion for summary judgment, and the judgment entered thereon, should be reversed on the law, without costs, and the motion denied, without costs.

CLOSE, P. J., JOHNSTON, ADEL, LEWIS and ALDRICH, JJ., concur.

Order denying plaintiff's motion to strike out the second, third, fourth and fifth defenses modified on the law by adding to the first ordering paragraph, after the word " Second ", the words " and Fifth." As thus modified, the order insofar as appealed from, is affirmed, without costs.

Order granting defendant's motion for summary judgment, and the judgment entered thereon, reversed on the law, without costs, and the motion denied, without costs. [See 269 App. Div. 668.]