## TEVINGTON v. INTERNATIONAL MILLING CO. et al.

### Civil Action No. 1889.

District Court, W. D. New York.

Sept. 7, 1945.

See also 4 F.R.D. 507.

William J. Brock, of Buffalo, N. Y., for plaintiff.

Adams, Smith, Brown & Starrett, of Buffalo, N. Y. (Edmund S. Brown, of Buffalo, N.Y., of counsel), for defendant International Milling Co.

KNIGHT, District Judge.

Plaintiff moves for an order striking out International Milling Company's fourth defense (paragraphs 7, 8, and 9 in their amended answer to the amended complaint) on the ground that the defense therein alleged is invalid and improper, redundant, immaterial, impertinent and scandalous and highly prejudicial and not a legal defense.

The fourth defense is that plaintiff was an employee of the Grain Handlers Corporation, which corporation had complied with the Longshoremen's & Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., and that plaintiff was paid compensation and accepted it under an award in a compensation order filed by the Deputy Commissioner and this acted as an assignment to plaintiff's employer of any and all right of plaintiff to recover damages against International.

Plaintiff denies having been awarded compensation and by affidavit alleges that he had discontinued acceptance of compensation payments and has fully reimbursed his employer therefor and that his employer has executed to plaintiff an assignment of any cause of action which the employer might have acquired.

Apparently what happened was that plaintiff's employer filed form No. 202 with the Deputy Commissioner in charge of the District. The New York State insurance fund started payments of compensation on December 12, 1943, filing form No. 206 with the Deputy Commissioner. Compensation was paid for 24½ weeks @ $25 weekly ($603.57), and hospital bills ($380.-70) were also paid by the Carrier. No hearing was ordered and, in accordance with section 919(c) of the Act, the Deputy Commissioner was required to reject the claim or make an award. On May 29, 1944, the Carrier terminated payments and notified the Deputy Commissioner on form No. 208. The Deputy Commissioner then wrote the State Insurance Fund stating that the employer must pay at the full rate until plaintiff was able to return to his usual work.

The affidavits submitted by the plaintiff recite that no award has been made, while the defendant's Answer and its affidavit herein state that compensation

was paid under an award in a compensation order filed by the Deputy Commissioner. Whether there was an award in a compensation order within the meaning of Section 933(b) of the aforesaid Act depends upon what was done or what action was taken by the Commissioner. The mere statement that an award was so made does not suffice to establish the fact of an award. There is nothing before the court to show what the record is in the office of the Commissioner, and it may be that the record may suffice to satisfy the statute, although it does not specifically state that an award was made. If the record is sufficient to amount to an award, it is sufficient filing within the meaning of the statute. As was said in Toomey v. Waterman S. S. Corporation, 2 Cir., 123 F.2d 718, 721: "The master reported that the Deputy Commissioner noted in his records the disposition he had made of the plaintiff's claim for compensation. This act, though informal, was equivalent to an order and satisfied the provisions of the amendment." There is no question that the acceptance of compensation without an award filed by the Commissioner does not preclude maintenance against a third party tort-feasor, either on the theory on the election to receive compensation or of an assignment by the operation of law of rights against third persons and that the acceptance of compensation paid without an award did not constitute an election by the claimant to accept compensation rather than to sue a third party. Ricciardi v. American Export Lines, 268 App. Div. 606, 52 N.Y.S.2d 269; Tartaglio v. Cunard White Star Ltd., D.C., 56 F.Supp. 55; Massachusetts Bonding & Ins. Co. v. Lawson, 5 Cir., 149 F.2d 853.

In Tartaglio v. Cunard White Star, supra, a motion was made to strike a comparable affirmative defense. The question there was whether an alleged defense was sufficient. Its answer alleged that the plaintiff accepted compensation as provided by the act, but it did not also allege acceptance "under an award in a compensation order filed by the deputy commissioner." [56 F.Supp. 56] The court said: "The defense pleaded does not come within the provisions of either (a) or (b). It neither satisfies the statutory definition of an election nor does it plead the events necessary to constitute an assignment by operation of law." In the instant case, the answer contains the allegation omitted in the Tartaglio case. In the Toomey case, supra, plaintiff had received some thirty checks,

each of which bore this statement upon its face: "In payment of amount due under the workmen's compensation act." With reference to the knowledge of the claimant, the report of the Master, which was affirmed by the District and Circuit Courts, said, in part: "The Compensation Act imposes no obligation to see that the employee comprehends all the statute's provisions but, even if it did, the only conclusion supported by the evidence is that the plaintiff knew he was taking payments under the compensation law and stands charged with such knowledge of his rights as the statute contemplated for effecting its provisions."

In Cupo v. Isthmian S. S. Co., Inc., D.C., 56 F.Supp. 45, 47, again the question of the sufficiency of the Answer arose on a motion to dismiss. An affirmative defense recited that the acceptance by the plaintiff of compensation worked an assignment to plaintiff's employers of all rights of action to recover against any other than the employer who might be liable for damages for injuries alleged. In holding this defense insufficient the court said: "There is no allegation in the 'Sixth' defense that the compensation was accepted by plaintiff after an order awarding compensation had been made by a deputy commissioner * * *." We repeat that is not the situation here.

In Brusich v. Grace Line, D.C., 56 F. Supp. 48, 49, a motion to strike was granted. The reason given appears in this quotation from the opinion: "In the answer (third defense) it is not alleged that the deputy commissioner ever made or filed such an order. Hence, a condition precedent to effective transfer to the employer of the cause of action is not shown to have happened. In consequence of the absence of such a showing I feel that a defense is not stated."

Johnsen v. American-Hawaiian S. S. Co., 9 Cir., 98 F.2d 847 (cited by the plaintiff), was decided before the amendment of 1938 and has no bearing here since lack of knowledge of the plaintiff's right has no significance if an award was made and filed. Schenley Distillers Corporation v. Renken, D.C., 34 F.Supp. 678, has no bearing save it recognizes the right of plaintiff to make the motion, and the same is to be said as to Dysart v. Remington Rand Inc., D.C., 31 F.Supp. 296.

Our only concern is whether a motion to strike can be granted where it appears that

464

the pleading is sufficient upon its face, but the court is presented upon a motion to strike with affidavits to the effect that the facts stated in this defense are not true. Presumably the files in the Commissioner's office will show some record of the proceedings taken before the Commissioner. There is nothing to show what this record is. Certainly the mere assertion by the Deputy Commissioner, and even if that were sufficiently shown here, is not enough to show facts from which a conclusion must be drawn that no award was filed.

Plaintiff claims that the evidence given on the trial directed to show that there was an award made would have an improper effect upon trial jury. It seems quite certain that the question of whether there was or was not the filing of the requisite award would be determined by the court, as a matter of law, and in any event under a proper charge the issues should be so clearly defined as will not result in unfair disadvantage of the plaintiff. Further, Rule 42 of the Federal Rules of Civil Procedure (b), 28 U.S.C.A. following section 723c, provides that the court to avoid prejudice may order a separate trial of any issue.

█ What has been said by the courts with reference to motions to dismiss a suit for insufficiency of the complaint or answer is applicable as well to a motion to strike a material allegation of the pleading. In Winget v. Rockwood, 8 Cir., 69 F.2d 326, 329, the court, in part, said:

"A suit should not ordinarily be disposed of on such a motion unless it clearly appears from the allegations of the bill that it must ultimately, upon final hearing, be dismissed. * * *

"That rule of procedure should be followed which will be most likely to result in justice between the parties, and, generally speaking, that result is more likely to be attained by leaving the merits of the cause to be disposed of after answer and the submission of proof, than by attempting to deal with the merits on motion to dismiss the bill."

In Leimer v. State Mut. Life Assur. Co., 8 Cir., 108 F.2d 302, 306, it is said: "We think there is no justification for dismissing a complaint for insufficiency of statement, except where it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of the claim." Vide numerous cases there cited; and also in

Continental Collieries v. Shober, 3 Cir., 130 F.2d 631, 635, it was said: "No matter how likely it may seem that the pleader will be unable to prove his case, he is entitled, upon averring a claim, to an opportunity to try to prove it." As stated, the last cited cases, of course, refer to motions to dismiss the complaint, but the language quoted is equally applicable.

The motion should be denied.