ANTHONY RUGGIERO, Appellant-Respondent, v. NORWEGIAN SHIPPING & TRADE MISSION et al., Respondents-Appellants.— In an action by a longshoreman to recover damages for personal injuries suffered during the course of his work as the result of the alleged negligence of the defendants, the complaint was dismissed, without prejudice, on defendants' motions, on the ground that plaintiff had elected to accept compensation under the provisions of the Longshoremen's and Harbor Workers' Compensation Act (U. S. Code, tit. 33, § 901 *et seq.*). Judgment dated November 29, 1945, and order dated November 2, 1945, reversed on the law, without costs, and plaintiff's motion denied, without costs. Order dated July 31, 1944, modified on the law by striking out the second and third ordering paragraphs and substituting in place thereof a paragraph providing that the defendants' motions to dismiss the complaint be denied, without costs. As thus modified, the order is affirmed, without costs. (*Ricciardi* v. *American Export Lines*, 268 App. Div. 606, affd. 294 N. Y. 812.) Lewis, P. J., Hagarty, Johnston, Adel and Nolan, JJ., concur.

CHARLES L. SCHLESINGER, as Administrator of the Estate of NATHAN SCHLESINGER, Deceased, Appellant, v. NEW YORK TELEPHONE COMPANY, Respondent.— In an action to recover damages for the death of plaintiff's intestate, alleged to have occurred as a result of contact with respondent's telephone wires, which were supported by a pole, to the top of which deceased had climbed for the purpose of installing a radio antenna, judgment was granted in favor of the respondent at the close of the plaintiff's case. Judgment affirmed, with costs. No opinion. Carswell, Johnston, Adel and Nolan, JJ., concur; Lewis, P. J., dissents, with the following memorandum: The court erroneously rejected proof as to the details and circumstances under which permission to erect its pole was granted to the telephone company.

GRACE WALLAU, Respondent, v. ALEXANDER WALLAU, Appellant.— Order entered December 26, 1945, confirming the report of an official referee and modifying a final judgment of divorce by increasing the award of monthly alimony awarded plaintiff from $541.76 to $700, insofar as appealed from, affirmed, with $10 costs and disbursements. (*Kraunz* v. *Kraunz*, 293 N. Y. 152.) Appeal from order dated May 8, 1945, dismissed, without costs. Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur. [See *post*, p. 843.]