## C. F. HARNS CO. v. ERIE R. CO. et al.
## THE MARS.
### No. 17411.

District Court, E. D. New York.

March 4, 1946.

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y. (Vincent A. Catoggio, of New York City, of counsel), for respondent-impleaded (for the motion).

Hagen & Eidenbach, of New York City, (Nelson J. Johnson, of New York City, of counsel), for Erie R. Co. (opposed).

Foley & Martin, of New York City, (Christopher E. Heckman, of New York City, of counsel), for libelant.

KENNEDY, District Judge.

Respondent United States excepts to the impleading petition. The ground of the exception will be clearer after a brief summary of the facts.

This suit and two others like it (F. E. Grauwiller Transportation Company v. Erie Railroad Company and United States of America, A 17544, and Philip Goldrick & Sons v. The New York Central Railroad Company and United States of America, A 17534) arose out of damage sustained to various scows in the harbor on September 14, 1944, when a hurricane struck the Port of New York. The scow Mars, like the others, was under harbor charter to the railroad laden with cargo consigned to the United States at Pier 13, Stapelton, Staten Island. On arrival at her destination, the scow and shipping documents were turned over to government servants, so the impleading petition alleges, and thereafter were under the complete control and direction of the government. To recover for the damage sustained to its scow, libelant sought to charge the railroad; the latter thereupon impleaded the United States, basing its claim on the Tucker Act, 28 U.S.C.A. 41 (20).

The exception to the impleading petition is supported by the argument that the liability here asserted against the United States is delictual, and since the Tucker Act permits only suits in contract, the respondent is not entitled to sue the government. It is further urged that since the original suit between the owner and the charterer could not be brought in the Court of Claims, no third party relief against the government is possible because the Tucker Act covers only suits which could be brought in the Court of Claims.

In support of the petition, the railroad says the United States was the consignee of the scow's cargo, and upon delivery became a bailee, under an implied contractual duty to use at least reasonable care, a duty which it violated. Since this was a contractual duty, the railroad argues that it may invoke the Tucker Act even though the conduct of the impleaded respondent could also be called and considered negligence.

This exception provokes a number of disturbing inquiries which must ultimately be settled. To take the most obvious of these, when the United States consents to be sued in contract, as it does under the Tucker Act, does a suitor lose that right if the tort label could also be put upon his "theory of liability"? Seemingly, under statutes very much like the Tucker Act, the Supreme Court has answered this in-

quiry in the negative. Clark v. United States, 1877, 95 U.S. 539, 24 L.Ed. 518; United States v. Bostwick, 1877, 94 U.S. 53, 24 L.Ed. 65. At least these cases were relied upon to sustain a recovery in Crouch v. United States, D.C.S.D.S.C. 1928, 31 F.2d 211, under circumstances not too different from those which I am attempting to deal with here.

It is perfectly true that speaking of wharfingers, consignee and tugs alike, our Circuit Court has said "In short we have treated the situation as an ordinary case of 'negligence.' Waldie v. Steers Sand & Gravel Corp., 2 Cir., 1945, 151 F.2d 129, 130. And in line with that, the United States, in support of its exception, puts considerable emphasis upon Stevens v. The White City, 1932, 285 U.S. 195, 52 S.Ct. 347, 76 L.Ed. 699, which of course was a case dealing strictly with a tower's liability.

■ Fortunately, the question whether the Tucker Act can be applied to consignee cases has been answered for me by the Circuit Court of Appeals in The Everett Fowler, 2 Cir., 151 F.2d 662, 1945 A.M.C. 1414. There, speaking of the failure of the United States as a consignee to provide a safe berth, the Court says that the government was negligent, and also that suit may be maintained under the Tucker Act for breach of a contractual obligation running to the charterer. So far as I am concerned, I am concluded by this holding, and I could not sustain the exception to this petition merely because the conduct on the government's part of which the railroad complains is surely delictual, at least in one aspect.

Of course, this leaves unanswered some other questions which are bound to arise, such as questions about the procedural rules to be followed by Tucker Act suitors in the admiralty. By its exception, the United States at least suggests that there may be some difficulty on this score when it points to the fact that one test of suability under the Tucker Act is that the litigation must be within the jurisdiction of the Court of Claims. And it is, of course, true that what may for want of a better name be here called the main suit (that is the claim asserted by the owner against the charterer) is not within the Court of Claims jurisdiction. Nor was it any specific part of the conditions upon which the sovereign consented to be sued that suitors could invoke procedures like that made possible by the 56th Rule in Admiralty, 28 U.S.C.A. following section 723, and I know of no case involving the Tucker Act where that technique was used. However, here again, the point, though not mentioned, was certainly before the Circuit Court in The Everett Fowler, supra. That suit was in precisely the same form as this, and the procedural difficulty could not have been insuperable.

These are the reasons why I must overrule the exception in this case, and its companion cases.

Submit order.