CLEARY BROS. v. CHRISTIE SCOW CORP. et al.

THE CLEARY BROS. NO. 78.

No. 18722.

United States District Court
E. D. New York.

Feb. 7, 1952.

Alexander & Ash, New York City, Sidney Schwartz, New York City, of counsel, for Christie Scow Corp., respondent.

Frank Parker, U. S. Atty, Brooklyn, N. Y., Eugene Rheinfrank, New York City, of counsel, for the respondent-impleaded United States.

RAYFIEL, District Judge.

This is a motion by the respondent Christie Scow Corporation to dismiss the exceptions filed by the United States of America to the petition impleading it.

The libelant sues for damages sustained by its scow Cleary Bros. No. 78. The libel alleges that the scow was chartered to the respondent on May 8, 1946, and was returned on June 5, 1946, in a damaged condition. The libel was filed on February 17, 1948. On March 24, 1948, Christie, the respondent, filed its answer to the libel and petitioned the court for leave to implead the American President Lines, Ltd., its subcharterer. On June 22, 1948, the American President Lines, Ltd., filed its answer to the said petition and the libel and in turn filed its petition impleading Tollefsen Brothers,

Ltd., the stevedores who had been employed by the American President Lines, Ltd., to load the scow. Thereafter a petition was filed impleading Grand Wrecking & Lumber Corp., the stevedores employed by American President Lines, Ltd., to discharge the scow.

The American President Lines, Ltd., in its answer, contended that it was not the principal in the transaction, but that it was merely a general agent for the United States of America.

Christie then filed its petition impleading the United States of America, which filed the exceptions which are the subject matter of this motion.

■ It appears to me that the cause of action pleaded in the libel and in Christie's impleading petitions sounds in contract. It involves the ordinary bailment wherein the bailor sues the bailee for damages for breach of contract. The limitation provided by the Tucker Act, 28 U.S.C. §§ 1346 (a) and 2401, would therefore apply to Christie's impleading petitions against the American President Lines, Ltd., and the United States of America. See The Everett Fowler, 2 Cir., 151 F.2d 662; Zeller Marine Corp. v. U. S., D.C., 66 F.Supp. 447; Harms v. Erie R. Co., D.C., 66 F. Supp. 449, affirmed 2 Cir., 167 F.2d 562.

■ However, even if I should accept as correct the contention of the United States of America that the Suits in Admiralty Act, 46 U.S.C.A. § 741 et seq., applies to Christie's impleading petition against it I do not agree that the two year statute of limitations provided for in that Act has run. The alleged damage to the libelant's scow occurred between May 31, 1946, and June 4, 1946; Christie impleaded the American President Lines, Ltd., on March 24, 1948, clearly within the two year period; it filed its petition impleading the United States of America on November 30, 1951. Accepting the contention that American President Lines, Ltd., was the general agent for the United States of America I find that Public Law 877 of the 81st Congress, 2nd session, approved on December 13, 1950, amended section 5 of the Suits in Admiralty Act so as to provide for

an extension of the statute of limitations for a period of one year from the date of its approval, to wit: December 13, 1951, in any action which was timely brought against an agent of the United States in the mistaken belief that it was actually the operator of the vessel.

Government counsel's argument that the action against the agent must be dismissed before recourse can be had to the government failed to impress me. The aforementioned amendment provides that it shall apply to an action against an agent timely brought which "was or may *hereafter* be dismissed solely because improperly brought". (Italics added). In my opinion the amendment was enacted to apply to just such a situation as the one at bar where American President Lines, Ltd., defends on the theory that it was the general agent of the United States of America. The trial court will have all the evidence before it and be in a better position to determine whether that is a fact.

Accordingly, the motion to dismiss the exceptions filed by the United States of America is granted.

Submit order.