## ROEBEN v. UNITED STATES.
### Civ. No. 929.

United States District Court
D. New Jersey.
July 21, 1953.

Harold Krieger, Benjamin H. Chodash, Jersey City, N. J., for libellant.

Grover C. Richman, Jr., U. S. Atty., Newark, N. J., Stapleton, Flynn & Lilly, Robert A. Lilly, New York City, John P. Loftus, Jersey City, N. J., for respondent.

HARTSHORNE, District Judge.

Respondent moves for summary judgment on the libel herein, on the grounds (1) that same is time-barred by the general time limitation provisions of the Suits in Admiralty Act, Title 46 U.S.C.A. Shipping, §§ 741, 745, and (2) because of libellant's proceedings taken against his employer, Sancor Corporation, a stevedoring company, under the Longshoremen's and Harbor Workers' Compensation Act, Title 33 U.S.C.A. § 901 et seq., particularly section 933.

#### The Suits in Admiralty Act.

More specifically, since it is admitted that the libel here was filed October 10, 1951, and is within the ordinary time-bar of the Suits in Admiralty Act, respondent contends that libellant does not come with-

in the provisions of the 1950 remedial amendment to such act, which suspends the above limitations as to

" * * * any suit against the United States brought hereunder within one year after December 13, 1950, if such suit is based upon a cause of action whereon a prior suit in admiralty or an action at law was timely commenced and was or may hereafter be dismissed solely because improperly brought against any person, partnership, association, or corporation engaged by the United States to manage and conduct the business of a vessel owned or bareboat chartered by the United States * * *." id. Section 745, as amended December 13, 1950, 64 Stat. 1112, c. 1136.

Clearly, the present libel falls precisely within the words of this Remedial Statute. For on May 18, 1949 the present libellant started an action at law against the Farrell Lines, Incorporated, and the American-South African Line, the husbanding agent of the ship in question, the Rock Springs Victory, for the United States, and against the United States, in the United States District Court for the Southern District of New York. The starting of this suit preceded the decision by the United States Supreme Court of Cosmopolitan Shipping Co. v. McAllister, 1949, 337 U.S. 783, 69 S.Ct. 1317, 93 L.Ed. 1692. After such decision, respondent's proctors wrote libellant's proctors "We believe that this case (McAllister) settles the law so that the suit by Roeben (libellant) against the American-South African Line and the Farrell Lines is improper. The plaintiff must sue the United States of America, which Government was the owner of the S. S. Rock Springs Victory. The suit * * * must be brought under the Suits in Admiralty Act." Shortly after receipt of this letter, the above Roeben suit in the Southern District of New York was dismissed by consent order, as having "been improperly brought against the said defendants." That the joinder of the United States as a defendant in such proceeding is immaterial in this respect, see the cases of Cohen v. U. S., 2 Cir., 1952, 195 F.2d 1019;

Joyce v. U. S., D.C.N.J.1952, 106 F.Supp. 719; McKeefry v. U. S., D.C.E.D.Pa. 1952, 109 F.Supp. 839.

In answer to the applicability of the express terms of this Remedial Statute to libellant, respondent claims that these terms are so clearly contrary to the intent of this amendment that its words must be disregarded. As basis for this hazardous contention, respondent argues that the statute was enacted solely to overcome the effect of the decision in the McAllister case, supra, and that since this case affected only seamen, it cannot enure to the benefit of Roeben, a stevedore, whose rights it claims were fully clarified and governed by Caldarola v. Eckert, 1947, 332 U.S. 155, 67 S.Ct. 1569, 91 L.Ed. 1968, decided before Roeben started his above proceedings in the Southern District of New York.

However, reference to the legislative history of the above Remedial Act indicates that same is not so contrary to the terms of the statute itself that the Congress is not to be deemed to have meant what it said. For the Senate Report to accompany the act, 2 U.S.Code Cong.Service, 81st Cong. 2d Session 1950, page 4209, calls attention to the fact that this act is adopted, not simply as a result of McAllister, but because of the confusion of thought created by a whole series of decisions—U.S. Shipping Board Merchant Fleet Corp v. Lustgarten, 1930, 280 U.S. 320, 50 S.Ct. 118, 74 L.Ed. 451; Brady v. Roosevelt S. S. Co., 1943, 317 U.S. 575, 63 S.Ct. 425, 87 L.Ed. 471; Hust v. Moore-McCormack Lines, 1946, 328 U.S. 707, 66 S.Ct. 1218, 90 L.Ed. 1534; Caldarola v. Eckert, supra; and Cosmopolitan Shipping Co. v. McAllister, supra. In fact, this committee report explicitly says, after alluding to the first three of the above cases "Then the Supreme Court handed down its decision in Caldarola v. Eckert (332 U.S. 155 [67 S.Ct. 1569, 91 L.Ed. 1968] (1947)) and Cosmopolitan Shipping Co. v. McAllister (337 U.S. 783 [69 S.Ct. 1317, 93 L.Ed. 1692] (1949)), which clarified, in the opinion of the committee, the rule previously announced so as to make it plain that the agent, while liable for the negligence of its own employees, was not liable for the negligence of the civil-service

masters and crews with whom the United States manned the vessels. For the negligence of those, the United States was the only responsible party. The committee believes that litigants should not be made the victims of the legal confusion regarding the proper remedy in such cases. * * * Legislative relief is requisite not only to save to litigants possessing meritorious claims their right to a day in court, but also to settle the question of remedy in future cases." Without saying a word here as to seamen, the report expresses the intent of the Congress to save the rights of "litigants" generally. Not only so, but the rights of longshoremen under comparable situations are closely intertwined with those of seamen. Speaking of longshoremen, our highest court has said "For these purposes he is, in short, a seaman because he is doing a seaman's work and incurring a seaman's hazards." Seas Shipping Co. v. Sieracki, 1946, 328 U.S. 85, 99, 66 S.Ct. 872, 880, 90 L.Ed. 1099. That even Federal Judges were confused by the decisions in Hust and Caldarola, but before McAllister, note the situation that arose in Weade v. Dichmann, Wright & Pugh, Inc., 1949, 337 U.S. 801, 69 S.Ct. 1326, 1328, 93 L.Ed. 1704, decided concurrently with McAllister and based thereon. Here the United States Supreme Court alludes to the fact that the United States District Court Judge in that case, before the decision of McAllister, was confused by the series of decisions above alluded to. For, as the Supreme Court opinion shows, the District Judge denied respondent's motion for judgment N.O.V., stating "While the case of Hust v. Moore-McCormack Lines, Inc., 328 U.S. 707, 66 S.Ct. 1218, 90 L.Ed. 1534, is not precisely in point, it is my view that it is controlling so far as the liability of the defendant is concerned." This case concerned not a seaman, but a passenger. Thus this Federal Judge was as confused by the situation as was libellant here. That Caldarola did not itself clear up the general uncertainty as to the applicable law in such situations as this is further recognized by the Supreme Court in McAllister. For in McAllister 337 U.S. at page 793, 69 S.Ct. at page 1323, after alluding to the differentiation between Caldarola and Hust, the Court says "though it must be admitted there was enough uncertainty in the law [even after Caldarola] properly to give concern to Congress". (Brackets are this Court's.) Then the Supreme Court notes the very legislative language above alluded to, giving, litigants generally an extension of the right to sue, such report ultimately also accompanying the enactment of the Remedial Act. If any further proof is desired of the fact that confusion existed as to the rights of other than seamen in such situations before the decision in McAllister, one need but look at the above letter from the present respondent's counsel to the present libellant's counsel, enclosing to him a copy of the McAllister opinion, and saying "We believe that this case settles the law." Thus, instead of there being no ground for confusion in the above situation by others than seamen, there was good ground. Thus there was good reason for Congress having used the very words they did in passing the above remedial act for the benefit, not only of seamen, but of "litigants" generally.

Not only so, but this act has been repeatedly construed to apply to others than seamen. Such was the holding in Merlino v. U. S., D.C.S.D.N.Y.1952, 104 F.Supp. 817, as to passengers. Such was the holding in Cleary Bros. v. Christie Scow Corp., D.C. E.D.N.Y.1952, 103 F.Supp. 155, as to a scow owner.

With both reason and precedent to show that the Congress meant what it said in the Remedial Act, which obviously is to be construed liberally, the first basis of respondent's motion appears incorrect.

Compensation Payments.

Respondent's second ground for summary judgment is the contention that libellant's receipt of compensation under the Longshoremen's and Harbor Workers' Compensation Act, with a closeout settlement, after conference with a Claims Examiner, bars him from proceeding against respondent, the alleged third party tortfeasor.

In the first place, it should be noted that section 933, as amended in 1950, is purposed not to relieve the third party tort-

feasor of responsibility for his wrongful act in injuring an employee such as libellant, but simply to provide, as between employer and employee, who shall have the right to establish that liability. "The statute had no purpose or effect to alter the stevedore's rights as against any but his employer alone." Seas Shipping Co. v. Sieracki, supra, 328 U.S. page 102, 66 S.Ct. page 881.

■ In the next place, libellant here, the injured party, was normally the one in whom was vested the right of action. That right of action remained vested in him until he was divested of same by his own act, or by operation of law. Clearly he did not assign this right of action to another. And it has already been held by our highest court that the mere acceptance of compensation under the Longshoremen's Act does not suffice in and of itself to debar the employee of the right to sue the third party tortfeasor. "Surely the Act was never intended and has never been held to provide that after acceptance of compensation, and until an award, neither employer nor employee could sue the third party tortfeasor." American Stevedores v. Porello, 1947, 330 U.S. 446, 455, 67 S.Ct. 847, 852, 91 L.Ed. 1011. This is simply another way of saying that the original right of the employee to sue the third party tortfeasor remains vested in the employee, after acceptance of compensation and until award. See to the same effect Brusich v. Grace Line, D.C. S.D.N.Y.1944, 56 F.Supp. 48. Indeed, it has been held that even an "award" made by a Claims Examiner, rather than a Deputy Commissioner, does not suffice to assign the above right to sue the employer. Sessa v. Weeks Stevedoring Co., D.C.S.D.N.Y. 1943, 56 F.Supp. 50. Nor is Toomey v. Waterman S. S. Corp., 2 Cir., 1941, 123 F. 2d 718, to the contrary. Here it was held that action, not by a Claims Examiner, but by a Deputy Commissioner, was equivalent to an award. But no Deputy Commissioner participated in the settlement in the case at bar. The cases cited by respondent to the contrary all were decided before Por-

ello, and before the statute was amended. Hence they become academic. Therefore, under the old act, which did not mention an award, it is settled law that, in the absence of an award or its equivalent, by a Deputy Commissioner, not a Claims Examiner, mere acceptance of compensation does not suffice to divest the employee of his right to proceed against a third party tortfeasor. The Brusich case also holds that the lack of filing a formal election under section 933(a) does not suffice to bar the employee's right so to sue. Indeed, since, as seen above "the statute had no purpose or effect to alter the stevedore's rights as against any but his employer alone" [328 U.S. 85, 66 S.Ct. 881] it would not seem that another than the employer, such as the third party tortfeasor respondent here, could object to the employee's failure to take such formal election action at an early date.

■■ A fortiori, then, when the amendment to Section 933, applicable to the case at bar, expressly provided that "Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person", the Congress made clear beyond doubt its intent that until such conditions occurred, there was no such divesting of the employee's right to sue. In other words, in order to divest libellant of his right to sue respondent here under the Longshoremen's Act, not only must there be acceptance of compensation, but there must be an award, and such award must be in the form of a compensation order, filed by no mere underling, but by the Deputy Commissioner.

Since these conditions have not occurred, libellant employee remains vested with his original right to sue respondent, the alleged third party tortfeasor, and respondent's second basis for its motion fails.

Respondent's motion for summary judgment will accordingly be denied.