### Edward JOHNSON
### v.
### SWORD LINE, Inc., a New York Corporation.
### Civ. A. 12779.

United States District Court
E. D. Pennsylvania.

March 8, 1956.

Benjamin Pomerantz, Philadelphia, Pa., for plaintiff.

Rawle & Henderson, Philadelphia, Pa., for defendant.

FOLLMER, District Judge.

In October 1951, plaintiff, Edward Johnson, instituted this action against defendant, Sword Line, Inc., to recover damages for personal injuries allegedly received while he was working aboard defendant's vessel, S. S. Alabama Sword, while employed as a longshoreman by Lone Star Stevedoring Company at Philadelphia on June 28, 1950.

Defendant answered in February 1952, setting forth, inter alia, that plaintiff had filed a claim against his employer, Lone Star Stevedoring, Inc., for compensation under the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., by reason of the injuries alleged to have been sustained by him at the time alleged in the complaint; that the Deputy Commissioner for the Third Compensation District entered an Order on November 23, 1951, awarding to plaintiff the sum of $725.71 as compensation for said injuries; that the said employer and its

insurance carrier have paid and fully satisfied the said award, which award modified a previous award made on July 12, 1951; that plaintiff had not filed an election to sue a third party in accordance with Section 33 of the aforesaid Act. Approximately three years after filing its answer, defendant on January 21, 1955, filed request for admission of facts and of genuineness of documents, to which was attached copies of the original and amended Orders above referred to. Plaintiff has admitted the genuineness of the Orders, and in his brief states as follows, "Counsel for the plaintiff received permission from Mr. Fuges, counsel for the employer, to bring this action."

Section 33 of the Act, subparagraphs (a) and (b), 33 U.S.C.A. § 933, provides as follows:

"(a) If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the Secretary may provide, to receive such compensation or to recover damages against such third person.

"(b) Acceptance of such compensation under an award in a compensation order filed by the deputy commissioner shall operate as an assignment to the employer of all right of the person entitled to compensation to recover damages against such third person."

In the first place, it will be noted that the provision of the Act which transfers to the employer the rights of its employee against a third party upon the employee's acceptance of compensation is designed for the protection and benefit of the employer, not the third party wrongdoer. The Owen, D.C.E.D.Pa., 43 F.Supp. 897; Roeben v. United States, D.C.N.J., 113 F.Supp. 732, 734. On the other hand, defendant is entitled to protection against double liability.

The matter is now before the Court on defendant's motion for summary judgment.

The facts are undisputed that compensation payments were made under an award filed by a Deputy Commissioner and were accepted by plaintiff. At that point, under the terms of the statute, it would appear that such acceptance operated as an assignment by the employee (plaintiff) to his employer (Lone Star) of any right plaintiff might have against defendant (Sword Line). Plaintiff does not even suggest a reassignment from his employer. The closest he comes to it is his averment that he received permission from the attorney of his employer to bring this action. In the present state of the record it obviously is not possible to determine whether or not plaintiff has any standing in court. I am not unmindful of the fact that defendant waited two years to raise the point.

The present motion for summary judgment is refused with permission to renew the motion if within thirty days from the filing hereof plaintiff has failed to amend his complaint to show that the right of action herein has been reassigned to him. in accordance with the provisions of the Longshoremen's and Harbor Workers' Compensation Act.