**6**

## UNITED STATES for Use of DEANE v. ROWLEY CONST. CO. et al.

### No. 75.

District Court, D. Rhode Island.

Aug. 5, 1941.

Harry Parsons Cross and Owen P. Reid (of Greenough, Lyman & Cross), all of Providence, R. I., for plaintiff.

Chauncey E. Wheeler and S. Everett Wilkins, Jr. (of Hinckley, Allen, Tillinghast & Wheeler), all of Providence, R. I., for defendant.

HARTIGAN, District Judge.

This is a motion to strike the contents of sub-paragraphs (a), (b) and (c) of paragraph 6 from the defendants' answer. At the hearing the plaintiff stated that it did not press the motion in regard to 6(a) and the defendants agreed that the last sentence of 6(b) might be stricken.

6(b) is as follows: "Under Article 6 of said contract of August 6, 1938, the Government (meaning the United States of America), had the right to reject defective material and workmanship or require its correction; rejected workmanship was to be satisfactorily corrected and rejected material was to be satisfactorily replaced with proper material, without charge therefor; and if the general contractor failed to replace rejected material and/or to correct defective workmanship, the Government was to be permitted to do so and charge the cost to the general contractor. * * *"

6(c) is as follows: "In October 1939, after the painting of said building had been completed by said Robinson, said R. V. Miller, Public Works Officer, acting for the United States of America, notified said defendant Rowley Construction Company that the interior painting of said building was unsatisfactory because of defective material or workmanship or both, which fact was true, and that the work must be corrected before it could be accepted. Thereafter said Robinson having failed to make the corrections required by the United States of America said Rowley Construction Company engaged another painter, at a cost of approximately Fourteen Hundred Dollars ($1,400.00), to make such corrections which involved the complete repainting of the interior walls of said building."

The action arises under the Miller Act of August 24, 1935, 49 Stat. 793, 40 U.S.C.A. §§ 270, 270a, 270b and 270c.

40 U.S.C.A., § 270b(a) provides as follows: "Every person who has furnished labor or material in the prosecution of the

work provided for in such contract, in respect of which a payment bond is furnished under section 270a of this title and who has not been paid in full therefor before the expiration of a period of ninety days after the day on which the last of the labor was done or performed by him or material was furnished or supplied by him for which such claim is made, shall have the right to sue on such payment bond for the amount, or the balance thereof, unpaid at the time of institution of such suit and to prosecute said action to final execution and judgment for the sum or sums justly due him: Provided, however, That any person having direct contractual relationship with a subcontractor but no contractual relationship express or implied with the contractor furnishing said payment bond shall have a right of action upon the said payment bond upon giving written notice to said contractor within ninety days from the date on which such person did or performed the last of the labor or furnished or supplied the last of the material for which such claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor was done or performed. * * *"

On August 6, 1938, Rowley Construction Company and the United States of America entered into a contract for additional wing to main building, Naval Hospital, Newport, Rhode Island, and pursuant to and under the terms of said Act and in conjunction with said contract, said Rowley Construction Company as principal and Seaboard Surety Company as surety executed a payment bond by which they jointly and severally bound themselves unto the United States of America in the penal sum of $68,-350 on condition that the principal should make payment to all persons supplying labor and material in the prosecution of the work provided for in said contract.

The plaintiff alleges that it supplied material, including paints, oils, colors, brushes, and other various painters' supplies and equipment, all to the value of $813.08 to a subcontractor of the Rowley Construction Company for his use in connection with the performance and prosecution of certain work provided for in the contract and the defendants have refused to pay plaintiff said amount.

The painting on the interior of the building done by Robinson, the subcontractor, was rejected by the Government and Rob-

inson having failed to make the corrections required by the Government, the Rowley Construction Company engaged another painter to make the corrections.

Rule 12(f), Federal Rules of Civil Procedure, 28 U.S.C.A. following § 723c, provides as follows: "Motion to Strike. Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within 20 days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order any redundant, immaterial, impertinent, or scandalous matter stricken from any pleading."

The plaintiff contends that the reference to workmanship in 6(c) is immaterial and should be stricken from defendants' answer.

Moore's Federal Practice, Vol. 1, page 660, states: "It should be noted, that under subdivision (f) a court should hesitate to strike matter unless it clearly appears to be 'redundant, immaterial, impertinent or scandalous.' Thus, where certain evidential facts, when read with the bill as a whole, give a fuller understanding thereof, they should not be struck. In suits involving multiple and complex issues greater latitude in pleading may be allowed since the impertinence may not be so clear."

Rule 8(e) (2) provides: "A party may set forth two or more statements of a claim or defense alternately * * *. When two or more statements are made in the alternative and one of them if made independently would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements."

In Fleisher, etc., Co. v. United States, 311 U.S. 15 at page 17, 61 S.Ct. 81, 82, 85 L.Ed. 12, the court said: "In construing the earlier Act, the Hurd Act, 40 U. S.C.A. § 270, for which the Miller Act is a substitute, we observed that it was intended to be highly remedial and should be construed liberally. * * *"

At page 18 of 311 U.S., at page 83 of 61 S.Ct., 85 L.Ed. 12, the court said: "* * * 'Technical rules otherwise protecting sureties from liability have never been applied in proceedings under this statute'. Illinois Surety Co. v. John Davis Co., supra (244 U.S. 376, 37 S.Ct. [614] 616, 61 L.Ed. 1206). The same principle should govern the application of the Miller Act."

The plaintiff argues that because of the liberality with which the courts have interpreted the Miller Act the reference to "workmanship" in the defendants' answer is immaterial and should be stricken.

The court cannot say at this stage of the proceedings that such reference is clearly immaterial. The plaintiff's motion is denied. It is so ordered.