**SANO PETROLEUM CORPORATION v. SHELL OIL CO., Inc.**

No. 2871.

District Court, E. D. New York.

Dec. 21, 1942.

Silberman & Steinfeld, of Brooklyn, N. Y., for plaintiff.

Louis F. Huttenlocher, of New York City, for defendant.

CAMPBELL, District Judge.

This case comes before the Court on two motions.

1. A motion by defendant for an order amending the fourth separate and complete affirmative defense alleged in the answer herein.

2. A motion on behalf of the plaintiff to strike out the first, second, third and fourth separate defenses alleged in the answer.

The motion for leave to amend is granted.

Motions to strike under Rule 12(f), Federal Rules of Civil Procedure, 28 U.S.

C.A. following section 723c, are not favored, and usually will be granted only when the allegations have no relation to the controversy, and a failure to strike will unduly prejudice the adverse party. Sinaiko Bros. Coal & Oil Co. v. Ethyl Gasoline Corp., D.C., 2 F.R.D. 305; United States v. Rowley Const. Co., D.C., 2 F.R.D. 6.

Of course, if the alleged misconduct of the plaintiff is wholly unconnected with the litigation, the clean hands doctrine is not applicable, but it is applicable if the alleged misconduct is connected with the litigation, or it in some measure affects the equitable relation subsisting between the parties, and it is clearly applicable in the case at bar.

It would unduly limit the liability of the plaintiff, and unreasonably increase the damage of the defendant, if the showing as to unclean hands should be confined to cases in which plaintiff succeeded in taking away customers of the defendant, and not be held to include unsuccessful efforts directed to the same purpose.

The separate defenses in question are all directed to the matter generally in controversy, although not all are limited to specific transactions of which plaintiff complains, and if they are broad enough to cover more than the matter generally in controversy, the proof will undoubtedly be so limited on the trial, as to confine it to the matters generally in controversy.

Certainly if the plaintiff has by the means alleged been attempting to take away defendant's customers it does not come into equity with clean hands when it seeks to prevent the alleged actions of the defendant directed against it with the same purpose.

It seems to me to be unnecessary to analyze the cases cited on behalf of the plaintiff, because in the holding of none of them do I find anything contrary to my holding here. The amendment to the fourth separate defense, which I have allowed, still further clarifies that defense and makes its applicability more definite and certain.

The motion of the defendant for leave to amend is granted.

The motion of the plaintiff to strike is denied.

Settle orders on notice.