**KLAGES v. COHEN et al.**
No. 3295.

District Court, E. D. New York.
Feb. 14, 1947.

See also 5 F.R.D. 32.

Charles N. Ellner, of Jamaica, L. I., N. Y., for plaintiff for the motion.

Lewis, Kanter, Rassner & Bermas, and L. B. Kanter, all of Brooklyn, N. Y., for defendants, Cohen and others.

INCH, District Judge.

Plaintiff moves for an order, purportedly under Rule 12(h) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, "and other pertinent rules and decisions", striking from the answer of defendants, except Nalven, the pleaded defenses of the statutes of limitation.

Under Rule 12(b), the inclusion in the answer of a defense that the Statute of Limitations bars the action is proper. Upon motion under Rule 12(f), "the court may order any redundant, immaterial, impertinent, or scandalous matter stricken from any pleading". It is apparent that plaintiff does not assert and could not sustain the contention that the defense here involved is of the nature contemplated in Rule 12(f), except perhaps to the extent that it is urged that the late Judge Campbell had once denied the sufficiency of this defense and that it would be "redundant" to have the matter now passed upon again. While plaintiff concedes that the previous application was made by the defendant, Nalven, and that those now before the court were not served with any papers therein, he argues that counsel for the other defendants examined into the application and, although opportunity was afforded him to furnish any opposition or support he desired, that he determined not to do so. However, upon the signing of the order denying that application, Judge Campbell wrote a memorandum, under date of November 6, 1943, explaining his deletion of a clause seeking to bind these defendants, stating: "Mr. Kanter (counsel then and now for the defendants other than Nalven) asked leave only to see if the motion affected his clients, and as he found it did not he did not file a brief. He never suggested that he would join in the defendant Nalven's motion." It is thus clear that the defendants resisting the present motion were not parties to nor in any way involved in the previous determination and the defense raised in the answer can not be considered redundant.

The plaintiff really seeks to attack the legal sufficiency of the defense. While there are cases in which the procedure has been entertained, a motion to strike is not ordinarily the appropriate remedy to test the legal sufficiency of a pleading. Sbicca-Del Mac, Inc., v. Milius Shoe Co., D.C.Mass.1940, 36 F.Supp. 623-626; United States v. United States Gypsum Co., D.C., D.C.1943, 53 F.Supp. 889-903; Burke v. Mesta Mach. Co., D.C.Pa.1946, 5 F.R.D. 134.

As was stated by the court in O'Reilly v. Curtis Publishing Co., D.C. Mass., 22 F.Supp. 359-361: "A motion to strike was never intended to furnish an opportunity for the determination of disputed and substantial questions of law". Judge Campbell also gave expression to this view, stating in Sano Petroleum Corp. v. Shell Oil Co. Inc., D.C.N.Y.1942, 3 F.R.D. 181: "Motions to strike under Rule 12(f) * * * are not favored, and usually will be granted only when the allegations have no relation to the controversy, and a failure to strike will unduly prejudice the adverse party. Sinaiko Bros. Coal & Oil Co. v. Ethyl Gasoline Corp., D.C., 2 F.R.D. 305; United States [for Use of Deane] v. Rowley Const. Co., D.C., 2 F.R.D. 6." See also F. E. Myers & Bros. Co. v. Goulds Pumps, D.C.N.Y.1946, 5 F.R.D. 132; Randolph Laboratories v. Specialties Development Corp., D.C.N.J.1945, 62 F.Supp. 897; Tevington v. International Milling Co., D.C. N.Y.1945, 62 F.Supp. 462.

There are a number of substantial questions of law at issue between the parties hereto, not the least among which is one argued at length in the briefs upon this motion, to wit, whether the action itself is ancillary to the enforcement of a tax claim or is the assertion of whatever redress the corporation may have against these defendants for their alleged misconduct. The defense of the Statute of Limitations under these circumstances is of such a character that its sufficiency should not be summarily determined upon a motion to strike.

The motion is denied. Settle order on notice.