CLEMENCIA CRUZ, demandante, apelada y apelante, *v.* SUCESIÓN DE JOSÉ FELIPE GONZÁLEZ, ETC., demandados, apelantes y apelados.

Núm. 10166.—*Sometido:* Noviembre 13, 1950. *Resuelto:* Marzo 21, 1951.

*A. Miranda Esteves* y *R. Martínez Álvarez,* abogados de los apelantes apelados, esposos Tartak-Bejos; *José M. Valentín Esteves,* abogado de los apelantes apelados, esposos Sapia-Román; *Felipe B. Montalvo* y *Heriberto Torres Solá,* abogados de la apelada apelante.

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del tribunal.

Los demandados, Cándida Román y la sucesión de su esposo Ramón Sapia y Salibe Tartak, así como la demandante, establecieron sendos recursos de apelación contra la sentencia dictada en el presente caso. Los demandados lo hicieron en cuanto a la totalidad de la sentencia dictada contra ellos; y la demandante en lo que respecta a aquella parte de la misma que declaró sin lugar la reclamación de los·frutos producidos o debidos producir por las fincas de que están en posesión los demandados Salibe Tartak y Bernarda Bejos, que según la sentencia pertenecen privativamente a la demandante. Apeló ésta también del pronunciamiento que declaró con lugar la reconvención de los demandados últimamente mencionados, así como de la parte de la sentencia que declaró con lugar la reconvención de los esposos Rigual-Rubio.

Conforme declaró probado el tribunal inferior, la demandante hace muchos años que reside en la ciudad de Nueva York. Allí conoció a José Felipe González con quien contrajo matrimonio en la ciudad de Filadelfia en el año 1923, fijando su residencia en la ciudad de Nueva York. Para la fecha de su matrimonio la demandante tenía economías que había acumulado siendo soltera, montantes a $12,000. Además su señora madre le había prestado antes del matrimonio la cantidad de $8,000, suma que juntamente con sus economías entregó a su esposo para invertirlas en bienes raíces en Puerto Rico. Con ese dinero González adquirió entre otras, la finca marcada en la demanda con la letra "C" que en la actualidad está dividida en las fincas 4002 y 6749 inscritas a nombre de los demandados Salibe Tartak y su esposa Bernarda Bejos. Al adquirir estos bienes, no hizo constar González que el dinero con que los compró pertenecía privativamente a su mujer, inscribiéndose todas las fincas como de la sociedad de gananciales. Posteriormente, el primero de febrero de 1933, el matrimonio entre la demandante y su esposo fué disuelto por sentencia de divorcio dictada en Nueva York habiendo González trasladado su residencia a Puerto Rico. Después de divorciados, González trató de conseguir que su ex esposa le confiriera un poder, sin resultado positivo alguno. En vista de esta negativa, González instó en la corte inferior el pleito núm. 32598 sobre otorgamiento de escritura de liquidación de bienes gananciales. Sustancialmente alegó que había comprado a su ex esposa la participación que a ella correspondía en los bienes de la extinta sociedad de gananciales; que le había pagado el precio en dinero y prendas y que habiéndose negado a otorgarle la correspondiente escritura, solicitaba se dictase sentencia condenándola a otorgarla y que en caso de no hacerlo dentro del término que le concediese la corte, lo hiciese el márshal.

Expedido el emplazamiento, fué entregado para su diligenciamiento a una persona particular quien lo devolvió sin

cumplimentar consignando bajo juramento que había practicado las diligencias pertinentes para encontrar a Clemencia Cruz—sin exponer cuáles fuerón las diligencias—y que se le había informado, —sin expresar quién le había suministrado tal información, —que la demandada residía en Nueva York.

A base de este diligenciamiento, el entonces demandante solicitó que la demandada fuera citada por edictos y a ese efecto juró que ignoraba su domicilio en Nueva York, cuando lo cierto era que él se correspondía con ella por correo y conocía su dirección postal.

A base de tal juramento y del emplazamiento devuelto sin cumplimentar, se ordenó la publicación de los edictos y finalmente fué dictada sentencia en rebeldía, a pesar de que no habían sido embargados bienes de la demandada, no obstante tratarse de una acción personal y no residir ella en Puerto Rico.

La sentencia condenó a la demandada a otorgar la escritura transmitiendo al demandante su participación en los bienes de la sociedad de gananciales y dispuso que de no otorgar la referida escritura dentro de los quince días siguientes a la fecha en que dicha sentencia fuese firme, la otorgase el márshal.

Los edictos notificando la sentencia fueron publicados durante los días 16 y 26 de agosto y 6 y 16 de septiembre de 1940 y 17 días después de la publicación del último edicto, el márshal, a moción del demandante, otorgó la escritura transmitiéndole el interés que en dichos bienes tenía la demandada. Presentada la escritura en el Registro de la Propiedad, se inscribieron los bienes a favor del demandante y como en el documento se transmitían varias fincas, el registrador practicó la inscripción extensa sobre la finca núm. 4196 al folio 52 vuelto, del tomo 225 de Santurce Norte, inscripción undécima, e inscripciones concisas en cuanto a las fincas restantes.

González, dueño ya de las fincas según el registro, vendió entre otras las núms. 4002 y 6749, a María Luisa Amador, ésta a Cándida Román y su esposo Ramón Sapia quienes a su vez las vendieron a Salibe Tartak y su esposa, todos los cuales inscribieron sus respectivos títulos en el Registro de la Propiedad.

Así las cosas, Clemencia Cruz radicó en 1942 la demanda original de este pleito, la cual fué enmendada en septiembre 28 de 1942. La referida demanda enmendada incluye además de los demandados apelantes, a otras partes que no apelaron de la sentencia a quienes es innecesario referirnos a los efectos de esta opinión.

En la primera causa de acción se solicita la nulidad del título que tienen los demandados Salibe Tartak y su esposa Bernarda Bejos sobre las dos fincas en controversia; y en la segunda, reclamó la demandante los frutos producidos o debidos producir por las fincas antes mencionadas durante el tiempo en que han sido poseídas por los demandados.

La causa de acción de la demandante descansa: (1) en que la corte no adquirió jurisdicción sobre ella en el pleito 32598 por el defecto de que adolecía la citación por edictos; y (2) en que la sentencia recaída en dicho pleito se ejecutó antes de ser firme, ya que la escritura de liquidación fué otorgada 17 días después de la publicación del último edicto sobre notificación de la sentencia.

En su contestación, los demandados Tartak-Bejos alegaron que los bienes que nos ocupan pertenecían privativamente a José F. González y que ellos eran terceros hipotecarios por haberlos adquirido de quien en el registro aparecía como dueño sin que del mismo resultare claramente defecto alguno que invalidase el título del vendedor; y como materia de reconvención para el caso de que la demanda en cuanto a ellos fuera declarada con lugar, alegaron los demandados Salibe Tartak y Bernarda Bejos, que pagaron a María Te-

resa Portell la cantidad de $4,600 por concepto de un crédito hipotecario por dicha suma, constituído por los esposos José Felipe González y Clemencia Cruz sobre las fincas adquiridas por dichos demandados, más la cantidad de $50 que pagaron por honorarios de abogado y demás gastos incurridos en la cancelación de la hipoteca.

Luego de un juicio en sus méritos, la corte inferior declaró nula la sentencia dictada en el caso civil núm. 32598 antes mencionado, por haber sido dictada sin jurisdicción sobre la demandada (1) Asimismo declaró que los demandados no eran terceros porque del registro constaba que la sentencia fué ejecutada antes de ser firme. En consecuencia, declaró nulo el título de José F. González adquirido a virtud de la referida sentencia y ordenó la cancelación de todas las demás inscripciones derivadas del título de José F. González incluyendo las verificadas a favor de los demandados Tartak-Bejos. Consecuente con dicho pronunciamiento, la corte inferior declaró con lugar la reconvención. Es por ese motivo que los demandados Tartak-Bejos apelaron de la sentencia en su totalidad, ya que de revocarse en cuanto al pronunciamiento de nulidad, necesariamente quedaría sin efecto lo decretado en cuanto a la reconvención. La demandante a su vez apeló del pronunciamiento sobre las reconvenciones interpuestas por los Tartak-Bejos y por los esposos Rigual-Rubio y de la negativa a concederle los frutos producidos o debidos producir por las fincas poseídas por los demandados apelantes.

Procederemos a considerar conjuntamente el recurso interpuesto por los demandados Tartak-Bejos y el de Cándida Román y Sucesión de Ramón Sapia ya que levantan idénticas cuestiones, para luego resolver el establecido por la demandante.

---

(1) Este motivo de nulidad no está envuelto en este recurso por no aparecer del registro ese defecto—*Lizardi* v. *Caballero*, 65 D.P.R. 83— perjudicando el mismo a los demandados herederos de José F. González por no poder tener éstos como tales herederos la condición de terceros.

█ La finca núm. 4002 a que antes se ha hecho mención, aparecía inscrita en el registro a favor de la sociedad de gananciales constituída por José F. González y Clemencia Cruz. Posteriormente, dichos esposos, por medio de su apoderado, segregaron de la finca núm. 4002 la 6749, continuando ambas inscritas a favor de la sociedad de gananciales. Con motivo del pleito núm. 32598, dichas fincas, entre otras, fueron adjudicadas a José F. González. Sin embargo, al otorgarse la escritura núm. 5 de 3 de octubre de 1940, ante el notario Justo A. Casablanca, no se tuvo en cuenta que la finca núm. 6749 aparecía ya en el registro como segregada de la núm. 4002 y se describió esta última como figuraba antes de hacerse la segregación, no describiéndose en la escritura la finca núm. 6749. Por esa razón y para que apareciese inscrita la finca núm. 6749 a favor de José F. González, se otorgó el acta aclaratoria núm. 6 de 14 de noviembre de 1940, ante el mismo notario, y de ese modo, por la inscripción décima, dicha finca se inscribió a favor de José F. González. La referida inscripción décima en lo pertinente dice:

". . . Los esposos José Felipe González y Clemencia Cruz, son dueños de esta finca según la inscripción primera. Dichos esposos fueron divorciados según consta acreditado en el Registro; y en procedimiento sobre liquidación de gananciales seguido en la Corte de Distrito de San Juan bajo el número treintidós mil quinientos noventiocho por José F. González contra Clemencia C. González nee Clemencia C. Cruz, previo todos los trámites legales, el márshal de dicha corte Juan R. Molina, en cumplimiento de sentencia firme de veintiséis de julio de mil novecientos cuarenta traspasa la parte de esta finca, en unión de otras fincas de que no se solicita inscripción a José Felipe González, divorciado, según consta de la escritura cinco, aclarada por la número seis, otorgadas el tres de octubre y catorce de noviembre últimos Notario Justo A. Casablanca, relacionadas extensamente en la inscripción dieciséis de la finca cua-

tro mil dos duplicado folio ciento cuarentisiete tomo doscientos nueve de Santurce Norte. . .''

Se notará que la inscripción que en lo pertinente acabamos de transcribir, expresa que la escritura de adjudicación a favor de José F. González se halla extensamente relacionada en la inscripción 16 de la finca 4002 al folio 147 del tomo 209 de Santurce Norte. Pero en el juicio celebrado en el presente caso no se presentó en evidencia copia certificada de la inscripción 16 de la finca 4002. Si se hubiera presentado, se hubiera visto que en la misma se expresa que la escritura de adjudicación de bienes gananciales en que aparecen los detalles del pleito núm. 32598 fué extensamente relacionada en la inscripción 11 de la finca núm. 4196 al folio 52 vuelto, del tomo 225 de Santurce Norte, que en lo pertinente dice así:

''. . . y la Corte vista las alegaciones y pruebas citadas declaró con lugar la demanda y dictó sentencia en veintiséis de julio último y condenó a la demandada a otorgar escritura de liquidación de gananciales a favor del demandante dentro de los quince días después de ser firme la sentencia, disponiendo que si no lo verificara el márshal procederá a otorgarla. El márshal Juan R. Molina, a solicitud del demandante, procedió a la notificación de sentencia por medio de edictos en el periódico El País por el término estatutorio convirtiéndose dicha sentencia en firme e inapelable y habiendo transcurrido los quince días desde la publicación de los edictos dentro del cual venía obligada la demandada a otorgar a favor del demandante la citada escritura sin haberlo verificado según lo comprueba la moción del demandante, el márshal en cumplimiento de la sentencia y subrogado en la persona de la demandada, traspasa a favor de José Felipe González, mayor de edad, divorciado, y vecino de esta ciudad, esta finca y seis más . . .''

La cuestión ahora a determinar es si de la inscripción undécima que acabamos de transcribir resulta claramente el defecto del título de José F. González, artículo 34 Ley

Hipotecaria; ([2]) *Ayllón y Ojeda et al.* v. *González y Fernández et al.*, 28 D.P.R. 67; *El Pueblo* v. *Riera*, 27 D.P.R. 1 y *Lizardi* v. *Caballero*, 65 D.P.R. 83. Un examen de esa inscripción revela que la escritura de liquidación de gananciales debió otorgarse ". . . dentro de los quince días después de ser firme la sentencia . . ." y que el "El márshal, Juan R. Molina, a solicitud del demandante, procedió a la notificación de sentencia por medio de edictos en el periódico El País *por el término estatutorio convirtiéndose dicha sentencia en firme e inapelable . . .*" (Bastardillas nuestras.) Es verdad que en esta inscripción consignó el registrador que la sentencia era firme e inapelable, pero la inexactitud de esta aseveración es manifiesta toda vez que esa conclusión la basa el registrador en el mero hecho de que los edictos para notificar la sentencia fueron publicados durante el término estatutario, sin tener en cuenta que no era firme hasta que transcurriesen 30 días a contar de la publicación del último edicto. Partiendo de esa falsa premisa, continúa expresándose en la referida inscripción, ". . . y habiendo transcurrido los quince días desde la publicación de los edictos dentro del cual venía obligada la demandada a otorgar a favor del demandante la citada escritura sin haberlo verificado según lo comprueba la moción del demandante, el márshal en cumplimiento de la sentencia . . ." otorgó la escritura núm. 5 de 3 de octubre de 1940 aclarada por acta núm. 6 de 24 de noviembre de 1940, ambas ante el notario Justo A. Casablanca.

Si los esposos Tartak-Bejos hubiesen examinado esta inscripción undécima, hubieran podido enterarse de que las

---

([2]) "No obstante lo declarado en el artículo anterior, los actos o contratos que se ejecuten u otorguen por persona que en el Registro aparezca con derecho para ello, no se invalidarán en cuanto a tercero, una vez inscritos, aunque después se anule o resuelva el derecho del otorgante en virtud de título anterior no inscrito o de causas que no resulten claramente del mismo Registro.

"Solamente en virtud de un título inscrito podrá invalidarse, en perjuicio de tercero, otro título posterior también inscrito, salvo lo dispuesto en el artículo 389.

fincas 4002 y 6749 fueron transferidas por el márshal a José F. González antes de que la sentencia fuera firme; y por consiguiente no adquirió González un título válido. No teniendo tal título González según el registro, el de María Luisa Amador y el de los esposos Román-Sapia tampoco lo eran, y naturalmente el título que estos últimos transmitieron a los esposos Tartak-Bejos adolecía del mismo vicio.

. El error del registrador al calificar de firme e inapelable la sentencia no altera la situación registral de dichas fincas, pues son los hechos que surjan del registro y no las conclusiones del registrador los determinantes de la validez de los títulos inscritos. Sentencia del Tribunal Supremo de España de 14 de junio de 1923.

No hay duda que el defecto constaba del registro, pero aparecía en la inscripción de una finca distinta de aquélla que habían adquirido Salibe Tartak y Bernarda Bejos. Y como no se presentó en evidencia la inscripción décima sexta de la finca 4002, de donde aparecía que en la inscripción undécima de la finca 4196, se relacionaban extensamente los detalles del procedimiento seguido en el pleito 32598, es claro que el juez sentenciador no tuvo base en la prueba para concluir que los demandados no eran terceros y erró al así resolverlo.

Consciente del error en que incurrió la corte inferior, la demandante radicó con su alegato una copia certificada de la inscripción 16 de la finca 4002, de ese modo tratando de suplir el eslabón que faltaba para conectar las constancias de dicha inscripción 16 con lo que resulta de la inscripción 11 de la finca 4196 en la cual, como hemos visto, claramente aparece el defecto del título que a virtud del pleito 32598 adquirió José F. González. En consecuencia, si admitiéramos tal certificación, habría que concluir que los demandados apelantes no eran terceros hipotecarios.

Consideradas las circunstancias extraordinarias que concurren, si en alguna forma no se presentase esa prueba en

el presente caso, estaríamos cerrando los ojos ante el fraude de que fué víctima Clemencia Cruz a virtud del pleito 32598 incoado por González, y permitiríamos que los demandados se beneficiaran con perjuicio de la demandante por el error o inadvertencia de sus abogados al no presentar esa evidencia en la corte a quo. Es claro que si la certificación fuere admitida, resultaría entonces que los demandados no son terceros. En ese caso, el *status* de las fincas en controversia sería el que tenían después de disuelto el matrimonio y antes de dictarse la sentencia en el caso 32598. En otras palabras, las fincas pertenecerían a una sociedad de gananciales disuelta desde que quedó firme la sentencia de divorcio, pero pendiente de ser liquidada. En tales circunstancias habría que resolver que González no tenía facultades para vender bienes específicos de la sociedad de gananciales, pues no habiéndose liquidado la misma, todo lo que él podía enajenar era la participación que pudiera corresponderle en el acervo de la sociedad después de su liquidación.

■■ Es verdad que la corte inferior declaró probado que las fincas fueron adquiridas con dinero privativo de Clemencia Cruz, pero ya hemos visto que por lo que resulta del registro los bienes tienen la presunción de gananciales y la prueba testifical presentada por la demandante consistente en su sola declaración no es suficiente para destruirla. Como dijéramos en *Blanes* v. *González*, 60 D.P.R. 567, cuando existe controversia en cuanto a la naturaleza de ganancial o privativa de determinados bienes adquiridos durante el matrimonio y se hallan envueltos intereses de terceras personas que pudieran ser perjudicadas por la decisión, la prueba que se requiere para destruir la presunción de gananciales debe ser mucho más fuerte y persuasiva que cuando la controversia se circunscribe al marido y a la mujer. En casos como el presente, la mera declaración de la esposa al efecto de que los bienes en controversia fueron comprados con dinero adquirido por ella antes de su matrimonio, especialmente cuando su manifestación a ese efecto es considerada a la luz

de otras aseveraciones contenidas en su deposición, es insuficiente para destruir la presunción a que se contrae el artículo 1307 del Código Civil.(³)

Como la corte inferior, a base de la prueba que tuvo ante sí, erró al declarar que los demandados-apelantes y sus predecesores en título no eran terceros hipotecarios, procede revocar la sentencia y devolver el caso a dicha corte, en la cual podrá presentarse en evidencia la copia certificada de la inscripción 16 de la finca 4002 y procederse entonces a liquidar la sociedad de gananciales a fin de poder determinar los derechos de las partes.(⁴)

Dependiendo el derecho de la demandante de lo que pueda resultar de tal liquidación, debemos abstenernos de discutir los errores señalados por ella en apoyo de su recurso de apelación.

Una vez practicada la liquidación, *se dictará sentencia consistente con los principios enunciados en esta opinión.*

---

(³) La deposición de la demandante parece indicar que los $20,000 fueron aportados al matrimonio poco después de su celebración. Sin embargo, de los autos resulta que el apoderado, a quien según ella, entregó el dinero para su inversión en bienes raíces, fué designado por escritura núm. 5 de 8 de marzo de 1927 ante el notario D. Jacinto Texidor, es decir, cuatro años después de contraído el matrimonio; que la finca núm. 4196 descrita en la demanda bajo la letra "A" fué adquirida por escritura de 13 de agosto de 1931; que la marcada con la letra "B", la núm. 5175 fué comprada por escritura núm. 41 de 5 de abril de 1930 y que la finca núm. 5193, la marcada con la letra "E" fué adquirida por dación en pago de una hipoteca a favor de la sociedad de gananciles constituída por escritura de 7 de diciembre de 1927. De los autos no aparecen las fechas en que fueron adquiridas las demás fincas con excepción de la participación que en la "G" obtuvo González por herencia de su abuela, Lina Llanos.

Además, en su deposición declaró Clemencia Cruz que entregó dicho dinero a su esposo y en las repreguntas dice que lo entregó al apoderado. Todas estas circunstancias son significativas, especialmente si se considera que esas manifestaciones fueron hechas después de muerto José F. González, la persona que hubiera estado en mejores condiciones para atacarlas.

(⁴) A los efectos de practicar la liquidación, la corte inferior permitirá a las partes introducir en las alegaciones las enmiendas que fueren pertinentes.