LONG CORPORATION, peticionaria, *v.* TRIBUNAL DE DISTRITO
DE PUERTO RICO, SECCIÓN DE SAN JUAN, HON. J. M. CAL-
DERÓN, JR., JUEZ, demandado; ANTHONY GRIECO, inter-
ventor.

Núm. 1868.—*Sometido:* Febrero 7, 1951. *Resuelto:* Agosto 6, 1951.

*Juan Rodríguez De Jesús, Raúl Trujillo Santiago* y *Mariano Canales Delgado,* abogados de la peticionaria; *Otero Suro & Otero Suro,* abogados del interventor, querellante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR NEGRÓN FERNÁNDEZ emitió la opinión del tribunal.

Anthony Grieco obtuvo sentencia contra Long Corporation por la suma de $535.50 en un pleito sobre reclamación de una mesada de sueldo por despido sin justa causa,[1] a tenor con la Ley núm. 43 de 28 de abril de 1930 (pág. 357), según fuera enmendada por la núm. 84 de 12 de mayo de 1943 (pág. 197). En su demanda alegó que el contrato bajo el cual trabajaba para dicha entidad a la fecha de su despido injustificado era uno por tiempo indefinido.[2]

El 11 de agosto de 1949 Grieco inició acción civil contra Long Corporation reclamando la suma de $4,750 en concepto de daños y perjuicios por incumplimiento del mismo contrato, alegando que fué despedido por la demandada sin motivo o justificación alguna, luego de trabajar para ésta 9 meses 10 días a un sueldo semanal de $125, pero "faltando entonces treinta y ocho semanas para cumplirse el término mínimo garantizado" por la demandada según el aviso publicado por ésta en una revista semanal titulada "Engineering News Record", en el cual "se hacía constar que el tiempo mínimo

---

[1] La sentencia del tribunal inferior en dicho caso fué dictada con fecha 4 de marzo de 1949 y habiendo apelado la demandada se confirmó por este Tribunal, por opininón *Per Curiam,* el 14 de noviembre del mismo año.

[2] La sección 1 de la referida ley dispone:

"Todo empleado de industria o de cualquier otro negocio lucrativo, contratado sin tiempo determinado, que fuere despedido de su cargo sin justa causa, tendrá derecho a recibir de su patrono, en adición al sueldo que hubiere devengado, el sueldo correspondiente a un mes por concepto de indemnización; *Disponiéndose,* que las disposiciones de esta Ley no serán aplicables a los mancebos ni factores de comercio, para los cuales regirá lo dispuesto en el Código de Comercio."

que duraría el empleo sería de 18 meses",(³) y el cual aviso indujo al demandante a aceptar el empleo.

La demandada solicitó la desestimación de la demanda y además pidió que se dictara sentencia sumaria (⁴) a su favor, toda vez que no había hecho esencial alguno en controversia por haber sido ya adjudicada en el primer pleito la naturaleza del contrato de servicios y siendo así no tenía el demandante causa de acción alguna en su contra. Para revisar la negativa de la corte inferior a acceder a lo solicitado expedimos el auto de *certiorari*.

██ Se hace innecesario considerar separadamente los motivos de error que señala la peticionaria. Creemos que en el presente caso es aplicable la doctrina de impedimento colateral por sentencia (*collateral estoppel by judgment*) y que por lo tanto no puede el aquí interventor reclamar de la peticionaria daños y perjuicios basados en el incumplimiento de su contrato de servicios, pues la naturaleza del mismo y el tiempo indefinido de su duración, que era un hecho necesario para que Grieco pudiera obtener, como obtuvo, en el anterior pleito la mesada de salario por él reclamada, fué juzgado y determinado necesariamente en dicho pleito. Para que pudiera prosperar su acción bajo la ley invocada en el caso anterior, Grieco tenía que depender del carácter indefinido de su contrato de servicios, pues de lo contrario no hubiera tenido base alguna su reclamación. Esa fué la posición que asumió en el primer pleito. Y para llegar a la conclusión de que Grieco tenía derecho a la mesada reclamada, el tribunal inferior tuvo necesariamente que considerar que el contrato era uno por tiempo indefinido. Grieco sostiene que el tribunal inferior no hizo pronunciamiento alguno a ese respecto cuando dictó sentencia a su favor. Pero siendo ése un hecho indispensable y necesariamente incluído en la determi-

---

(³) El aviso decía, sobre este particular: "Length of job 18 months; may extend to 5 years." ·

(⁴) A la moción sobre sentencia sumaria acompañó la demandada sendos documentos tendentes a acreditar los extremos en ella alegados.

nación del derecho de Griego a la mesada por él reclamada, es obvio que al fallar a su favor dicha reclamación hubo una determinación judicial a ese respecto, aun cuando no se usara lenguaje expresamente indicándolo.

El segundo pleito de Grieco, o sea su reclamación en daños y perjuicios por incumplimiento del contrato entre él y la peticionaria, tiene por base la existencia de un contrato por término fijo mínimo de 18 meses, según sostiene el interventor. Tal posición de Grieco es inconsistente con la asumida en el pleito anterior sobre el mismo contrato y a base del cual obtuvo un mes de sueldo por despido ilegal bajo las disposiciones de la Ley 84 ya citada.

Si bien creemos que la doctrina de *res judicata* como tal no tiene sitio de aplicación en el presente caso, pues la causa de acción ejercitada aquí es distinta a la ejercitada en el primer pleito, convenimos con la peticionaria en que la de impedimento colateral por sentencia (*collateral estoppel by judgment*) derrota la reclamación de Grieco, pues siendo el carácter indefinido del contrato de servicios un hecho esencial para que prosperara la primera reclamación, *Rodríguez* v. *Corte*, 65 D.P.R. 614; *P. R. Cap & Tires Sales* v. *Tribl. de Distrito*, 68 D.P.R. 398, la determinación judicial al dictar sentencia favorable a Grieco en dicho pleito es concluyente entre las partes en cuanto al carácter indeterminado del contrato de servicios en una acción subsiguiente basada en una causa de acción distinta. *Pueblo* v. *Ibarra*, 69 D.P.R. 563; *Vidal* v. *Monagas*, 66 D.P.R. 622; *Pueblo* v. *Lugo*, 64 D.P.R. 554; *Commissioner* v. *Sunnen*, 333 U.S. 591 (1948), 92 L. ed. 898; *Cromwell* v. *County of Sac*, 94 U.S. 351 (1877), 24 L. ed. 195; *United States* v. *Johnson*, 165 F.2d 42 (C.C.A. 3, 1947); *Hornstein* v. *Kramer Bros. Freight Lines*, 133 F.2d 143 (C.C.A. 3, 1943); *Caterpillar Tractor Co.* v. *International Harvester Co.*, 120 F.2d 82 (C.C.A. 3, 1941); *Buromin Co.* v. *National Aluminate Corporation*, 70 F. Supp. 214 (D.C., Del., 1947); *Continental Oil Co.* v. *Jones*, 80 F. Supp. 340 (D.C., W.D., Okla., 1948); *Restatement, Judgments,*

secciones 68–72 (1942) ; 2 Freeman *on Judgments*, secciones 676–677 (5ta. ed. 1925) ; Scott, *Collateral Estoppel by Judgment*, 56 Harv. L. Rev. 1 (1942).

Siendo ello así erró el tribunal inferior al no dictar sentencia sumaria a favor de la demandada desestimando la demanda.

*Las resoluciones recurridas serán anuladas y se dictará sentencia sumaria a favor de la demandada en el pleito principal.*