SALIBE TARTAK y BERNARDA BEJOS, peticionarios, *v.* TRIBUNAL DE DISTRITO DE PUERTO RICO, SECCIÓN DE SAN JUAN, HON. R. RAMÍREZ PABÓN, demandado; CLEMENCIA CRUZ, interventora.

Número 1956.

*Sometido:* 5 de febrero de 1953. *Resuelto:* 5 de mayo de 1953.

*Alfonso Miranda Esteve y R. Martínez Álvarez, Jr.,* abogados de los peticionarios; *Felipe B. Montalvo* y *Heriberto Torres Solá,*

abogados de la interventora, demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del tribunal.

El 21 de agosto de 1942 Clemencia Cruz radicó demanda de nulidad, reivindicación, daños y perjuicios y otros extremos contra José Felipe González, Salibe Tartak y su esposa Bernarda Bejos y otros. Dicha demanda fué enmendada el 28 de septiembre para sustituir al demandado José Felipe González por su sucesión.[1] Después de una interminable serie de mociones y excepciones previas y habiendo, por fin, contestado los demandados, el antiguo Tribunal de Distrito de San Juan, el 21 de abril de 1949, o sea, siete años más tarde, dictó una sentencia que fué revocada en apelación por este Tribunal. Véase, al efecto, y para los antecedentes de este caso, *Cruz v. Sucn. González*, 72 D.P.R. 308. Devuelto el caso al tribunal inferior, la demandante Clemencia Cruz radicó una segunda demanda enmendada el 21 de junio de 1951. En la misma se promueven tres causas de acción, la tercera de las cuales lee así:

"Tercera Causa de Acción Sobre Liquidación de
Sociedad de Gananciales

"Primero: La sociedad de gananciales entre la demandante Clemencia Cruz y José Felipe González en relación con los bienes inmuebles radicados en esta Isla que se describen en el párrafo Cuarto de la primera causa de acción de esta demanda que aquí se da por reproducida, identificados con las letras 'A', 'B', 'C', 'D', 'E', 'F' y 'G', fué disuelta por la sentencia de divorcio que dictó el Tribunal Supremo del Estado de Nueva York, Condado del Bronx, del día 1 de febrero de 1933.

"Segundo: A dicho matrimonio aportó la demandante la cantidad de Doce Mil Dólares ($12,000) que había acumulado de sus economías siendo soltera, cuya cantidad, con Ocho Mil Dólares ($8,000) adicionales que le prestó su señora madre, en-

---

[1] Dicha sucesión no ha comparecido a ninguna de las etapas de este largo proceso, habiéndose anotado su rebeldía.

tregó la demandante a su esposo José Felipe González, para invertirlos, como los invirtió, en la compra de los reseñados bienes raíces radicados en Puerto Rico, que se describen en el reproducido párrafo Cuarto de la primera causa de acción bajo las letras 'A', 'B', 'C', 'D', 'E', 'F' y 'G'."

En su contestación a la susodicha demanda, los demandados Tartak y Bejos hacen una relación de los bienes envueltos y alegan, en cuanto a la antes transcrita tercera causa de acción, lo que sigue:

"(1) Se niegan general y específicamente todas las alegaciones de la tercera causa de acción en la forma en que las mismas han sido alegadas, y por el contrario se alega:

"(a) Que José Felipe González y Clemencia Cruz contrajeron matrimonio en Philadelphia, Pennsylvania, el día 28 de mayo de 1923;

"(b) Que el matrimonio entre José Felipe González y Clemencia Cruz fué disuelto por sentencia de divorcio el día 1o. de febrero de 1933 y en los días inmediatamente posteriores fué convenido entre los cónyuges la liquidación de todos los bienes poseídos en común y que fueron adquiridos por ellos durante el matrimonio, siendo los dichos bienes los siguientes:

"Propiedades en Nueva York

(Sigue una relación de dichas propiedades consistente en un inmueble, dinero depositado en Bancos, joyas y prendas y dinero en efectivo).

"Propiedades en Puerto Rico

(Sigue una descripción de siete inmuebles radicados en Santurce, Puerto Rico).

"(2) Que la demandante Clemencia Cruz y su ex-esposo, José Felipe González, para proceder a la dicha división solicitaron la asistencia y ayuda de algunos amigos íntimos de ambas partes, por cuya mediación llegaron a un acuerdo mediante el cual el susodicho José Felipe González cedió a Clemencia Cruz la totalidad de los bienes que poseían en Nueva York, y a su vez Clemencia Cruz cedió a José Felipe González la propiedad de todos los bienes poseídos en común por ambos en esta Isla de Puerto Rico, siendo la condición que José Felipe González asumiera las deudas que para entonces pesaban sobre dichos

bienes y obligándose la aquí demandante a otorgar la correspondiente escritura.

"(3) Que a virtud de dicho convenio transaccional, la demandante tomó posesión, a título de dueña, de todos los bienes de la comunidad de gananciales existentes en la ciudad de Nueva York, habiendo estado en el disfrute de los mismos hasta esta fecha.

"(4) Que José Felipe González requirió a su ex-esposa el cumplimiento de su obligación de otorgar la correspondiente escritura de división de comunidad y la aquí demandante, con uno y otro pretexto, dió lugar a la demanda en su contra en el caso Civil Núm. 32,598 de la Corte de Distrito de San Juan, y a virtud de la cual José Felipe González obtuvo la sentencia correspondiente a su favor, y cuya nulidad fué solicitada por la demandante en la misma fecha del fallecimiento de José Felipe González.

"       *     *     *     *     *     *     *

"(6) Que los bienes que fueron adjudicados a José Felipe González en dicha división, fueron enajenados y vendidos por éste a diferentes personas en la forma que se alega en la demanda original en el presente caso.

"(7) Que en la disyuntiva, en virtud de lo arriba expuesto, la demandante Clemencia Cruz se encuentra en posesión ilegal de los bienes situados en la ciudad de Nueva York, así como de todos los fondos e intereses en la forma que a continuación se alega:

"(a) La casa y solar en el núm. 918 Este, de la Calle Núm. 215 de la ciudad de Nueva York, valorada en $20,000;

"(b) Rentas limpias producidas o dejadas de producir por dicho inmueble bajo una honesta administración, por el término transcurrido desde febrero de 1933 hasta octubre de 1951, o sean 224 meses a razón de $100 mensuales, en total, $22,000 (sic);

"(c) Dinero depositado en Bancos, Capital, $28,000;

"(d) Intereses legales sobre dicha suma al 6 por ciento anual desde febrero de 1933 hasta octubre de 1951, $31,360;

"(e) Prendas y joyas de José Felipe González, $15,000;

"(f) Dinero en efectivo, capital, $22,000; y

"(g) Intereses legales sobre dicha suma al 6 por ciento anual desde febrero de 1933 hasta octubre de 1951, $24,640.

"(8) Que en la forma y manera que se alega en la demanda original presentada en este caso, los demandados en el mismo, especialmente Salibe Tartak, Bernarda Bejos, Rafael Rigual Ca-

macho y Angela Rubio de Rigual, en relación a las fincas adquiridas por ellos, adquirieron todo el interés que José Felipe González pudiera tener en las susodichas fincas, y al efecto cancelaron y pagaron los esposos Salibe Tartak y Bernarda Bejos, la hipoteca por $4,600 que pesaba sobre la finca adquirida por ellos a la fecha de la compra, todo lo cual aparece de la demanda original y en la sentencia recaída en este caso.

"(9) Que sobre las dichas fincas, la demandante Clemencia Cruz, a virtud de lo arriba expuesto, no tiene interés de clase alguna sobre el que pueda basar su causa de acción por haber cedido todos los posibles derechos que pudiera tener sobre las mismas a favor de su ex-esposo, José Felipe González."

El 5 de febrero de 1952, la demandante presentó una moción eliminatoria bajo la Regla 12(f) de las de Enjuiciamiento Civil,(²) a virtud de la cual el tribunal a quo dictó una resolución ordenando "la eliminación de la contestación de los co-demandados Tartak–Bejos y Rigual–Rubio de los párrafos bajo el título 'Tercera Causa de Acción' que comprenden los incisos (1) (b) a que se refieren las propiedades en Nueva York (página 2 de la contestación); los párrafos (2), (3) y (4) de dicha 'Tercera Causa de Acción' (página 3 de la contestación), y el párrafo 7, incisos (a), (b), (c), (d), (e), (f), y (g), y el párrafo 9 a la página 5 de la contestación . . ."(³)

---

(²) Dicha Regla lee así:

"(f) *Moción Eliminatoria.*—A moción que haga una parte antes de contestar una alegación, o en caso de que estas Reglas no permitan una alegación responsiva, a moción de una parte radicada dentro de los diez días siguientes a la notificación que se le hiciera de la alegación, o en cualquier momento a iniciativa de la corte, podrá ésta ordenar que se elimine de cualquier alegación toda materia redundante, inmaterial, impertinente o escandalosa; Disponiéndose, sin embargo, que tal moción deberá presentarse conjuntamente con la primera moción, si alguna se formulare, antes de radicar una alegación responsiva."

(³) Los fundamentos que tuvo el tribunal a quo para ordenar la eliminación solicitada aparecen en los tres párrafos de su resolución que copiamos a continuación:

"(1) Hemos examinado detenidamente las cuestiones planteadas en su contestación por los referidos co-demandados bajo el título 'Tercera Causa de Acción', inciso (1) (b) con referencia a las propiedades en Nueva York (página 3 de la contestación), así como el párrafo 3 inciso (7) de la página 5 de dicha contestación, en conjunción con las alegaciones

A solicitud de Tartak y Bejos expedimos un auto de *certiorari* para revisar esa resolución.

■ El primer planteamiento que se nos hace es al efecto de que la moción eliminatoria fué radicada fuera de tiempo, habiendo transcurrido más de 20 días desde que se radicó la contestación. Los peticionarios alegan que el tribunal a quo abusó de su discreción al ordenar la eliminación como si lo hiciera por su propia iniciativa. No hubo tal abuso. En realidad, aún pasado dicho término, el tribunal conserva siempre su discreción para, tal como lo hizo aquí, considerar la moción como si actuara bajo su propia iniciativa. 2 Moore's *Federal Practice*, 2312, escolio 3, (segunda edición); *Randolph Laboratories* v. *Specialties Develop. Corp.*, 62 F. Supp. 897.

■ En cuanto a los méritos de la moción, empezaremos por decir que las mociones eliminatorias no son favorecidas. *Klages* v. *Cohen*, 7 F.R.D. 216; *Sano Petroleum Corp.* v. *Shell Oil Co. Inc.*, 3 F.R.D. 181, y que, de ordinario, no debe ordenarse que se elimine ninguna alegación a menos que sea claro que dicha alegación no tiene relación alguna con la cuestión en controversia, *Randolph Laboratories* v. *Specialties Develop. Corp.*, supra, o que sea claramente redundante, inmaterial, impertinente o escandalosa. *Bowles* v. *Chas. A. Krause Milling Co.*, 62 F. Supp. 244; *Contogeorge* v. *Spyrou*, 7 F.R.D. 223; 2 Moore, ob. cit., 2317, sección 12.21. Sin embargo, puede ordenarse la eliminación de aquellas alega-

en el pleito original sobre otorgamiento de escritura de liquidación de gananciales por José F. González contra Clemencia Cruz, bajo el número civil 32,598, la prueba y alegaciones en la acción sobre nulidad, reivindicación y daños y perjuicios radicada ante el mismo tribunal por la demandante Clemencia Cruz, bajo el número civil núm. 41,330, la opinión de este tribunal en este caso y la del Tribunal Supremo de Puerto Rico reportada en 72 D.P.R. 308 y forzoso es concluir que las cuestiones planteadas en la contestación de los demandados a que antes nos hemos referido, que abarca además los párrafos marcados (2), (3) y (4) a la página 3 de la contestación, y el marcado (9) a la página 5 de la misma, que se transcriben bajo el título 'Tercera Causa de Acción', constituyen una reproducción de los hechos esenciales para que la acción radicada por

ciones que traten de relitigar una acción o alegación anterior. *Phoenix Hardware Co.* v. *Paragon Paint & Hardware Corp.*, 1 F.R.D. 116; *Klages* v. *Cohen*, supra. Mas cuando se trata de una cuestión de derecho sustancial, la misma no debe ser determinada por una moción eliminatoria. *Klages* v. *Cohen*, supra; *O'Reilly* v. *Curtis Publishing Co.*, 22 F. Supp. 359; *Tivoli Realty* v. *Paramount Pictures*, 80 F. Supp. 800.

Si las defensas alegadas bajo la tercera causa de acción ya habían sido litigadas y adjudicadas, es claro que procedía su eliminación. *Phoenix Hardware Co.* v. *Paragon Paint & Hardware Corp.*, supra. Sin embargo, no creemos que esa sea la situación.

▬▬ Es indudable que las determinaciones que hicimos en *Cruz* v. *Sucn. González*, supra, constituyen la ley del caso, bajo la situación de hechos allí envueltos, y por tanto, dichas determinaciones controlan los procedimientos ulteriores que ordenamos al revocar la sentencia apelada. *Hartford Life Ins. Co.* v. *Blincoe*, 255 U. S. 129; *Scott* v. *Scotts Bluff County*, 183 N.W. 573; *Gee's Adm'r.* v. *Williamson*, 27 Am. Dec. 628, note; *Westfall* v. *Wait*, 73 N.E. 1089; *Alerding* v. *Allison*, 83 N.E. 1006; *Dodge* v. *Gaylord et al.*, 53 Ind. 365. Una de dichas determinaciones fué al efecto de que la sentencia dictada en rebeldía en el caso núm. 32,598 seguido por José F. González contra Clemencia Cruz era nula porque la

José F. González en el caso núm. 32,598 pudiera prosperar. Por lo tanto dichas alegaciones deben ser eliminadas ya que las mismas han sido previamente litigadas en su fondo y juzgadas en este caso, por cuanto su determinación es concluyente entre las partes en el pleito que ahora pende ante este tribunal. Los demandados se hallan, pues, bajo impedimento colateral de levantarlas. *Long Corporation* v. *Tribunal de Distrito*, 72 D.P.R. 788. Existe un fundamento adicional para decretar la eliminación solicitada en este caso.

"(2) Aparece de la contestación radicada que los bienes de referencia han tenido siempre su *situs* permanente en el estado de Nueva York, de donde es domiciliada la demandante. Siendo ello así, dichos bienes deben regirse por la ley del domicilio del demandante, *Lókpez* v. *Fernández*, 61 D.P.R. 522, 552; *Lókpez* v. *Sotelo*, 70 D.P.R. 501, ya que en Nueva York no existe el régimen de la sociedad de gananciales. *Babilonia* v. *Re-*

corte no había adquirido jurisdicción sobre la demandada en el referido caso. No pasamos pues, sobre los méritos de la causa de acción allí ejercitada por González, por lo que éste o sus derecho-habientes podían litigarla de nuevo. Una sentencia es nula colateralmente cuando la corte que la dicta actúa sin jurisdicción. En tal caso la sentencia nada significa en cuanto a los hechos que se pretendieron litigar y en consecuencia no opera como cosa juzgada (*res judicata*). 2 Freeman *On Judgments*, pág. 1351, sección 642. Un examen del récord ante nos demuestra que en la acción incoada por Clemencia Cruz contra González y otros, ninguno de los demandados relitigó, por vía de defensa, la causa de acción envuelta en el caso núm. 32,598. Los aquí peticionarios Tartak y Bejos se limitaron a alegar y probar su condición de terceros hipotecarios. La corte a quo resolvió que no eran tales terceros. Sin embargo, como la prueba que tuvo ante sí no justificaba esa conclusión, revocamos la sentencia. Mas apercibidos de que de haberse presentado y admitido como prueba la inscripción décima de la finca 4002, los peticionarios no tendrían la condición de terceros, devolvimos el caso al tribunal de origen para que se permitiera a las partes presentar esa prueba e hicieran en las alegaciones las enmiendas pertinentes. En cuanto a los inmuebles radicados en Puerto Rico, adquiridos por González durante su matrimonio con Clemencia Cruz resolvimos que una vez que se determinara que los peticionarios Tartak y Bejos no eran terceros, dichas fincas adquirían el *status* de bienes pertenecientes a

gistrador, 62 D.P.R. 688, 692; y los tribunales de esta Isla carecen de jurisdicción para determinar en cuanto a ellos.

"(3) La contención de los demandados al efecto de que esta moción ha sido radicada fuera de tiempo carece de méritos. Aun dando por sentado que ello fuere así, la regla invocada provee que 'en cualquier momento a iniciativa de la corte, podrá ésta ordenar que se elimine de cualquier alegación toda materia redundante, inmaterial, impertinente o escandalosa'; y el tribunal hace uso de la iniciativa cuyo ejercicio se le confiere y aplica la Regla 12 (*f*) al caso invocado, por estimar que con ello se garantiza una solución justa, rápida y económica de esta moción."

una sociedad de gananciales disuelta pero no liquidada. Tal determinación descansa en que (*a*) la sentencia dictada en el caso núm. 32,598 en virtud de la cual se adjudicaron a González los bienes radicados en Puerto Rico, era nula, y (*b*) la prueba presentada por Clemencia Cruz en el caso seguido por ella contra González y otros, era insuficiente para destruir la presunción de gananciales que tenían dichos bienes. Por consiguiente, los hechos alegados por los aquí peticionarios en su contestación enmendada a la tercera causa de acción, respecto a la celebración de un convenio entre Clemencia Cruz y González, después de disuelto el matrimonio y en virtud del cual se adjudicaron a González los bienes radicados en Puerto Rico y a Clemencia Cruz los radicados en Nueva York, no fueron considerados por nosotros en la apelación anterior. Consideramos que los peticionarios Tartak y Bejos, como sucesores en título de González, no están impedidos de plantear esa defensa en el tribunal inferior. En primer lugar, aunque esos hechos constituyen en esencia la causa de acción aducida en el caso núm. 32,598, dicha causa de acción no ha sido litigada en los méritos por razón de que la sentencia dictada en aquel caso es nula por falta de jurisdicción sobre la allí demandada. En segundo lugar, no es de aplicación a este caso, según resolvió la corte a quo, la doctrina de impedimento colateral por sentencia (*collateral estoppel by judgment*). Independientemente del hecho de que todavía no se ha dictado una sentencia final que pueda ser alegada como impedimento colateral, 2 Freeman *On Judgments*, secciones 717 y 720, y *Restatement of the Law of Judgments*, pág. 161; sabido es que bajo la doctrina de *estoppel* colateral la sentencia anterior es concluyente solamente en cuanto a aquellas materias que de hecho se suscitaron y verdaderamente o por necesidad se litigaron y adjudicaron, pero no es concluyente en cuanto a aquellas materias que pudieron ser pero que no fueron litigadas y adjudicadas en la acción anterior. *Pueblo* v. *Lugo*, 64 D.P.R. 554; *Pueblo* v. *Ibarra*, 69 D.P.R. 563; 2 Freeman *On Judgments*, seccio-

nes 677 y siguientes; Scott, *Collateral Estoppel by Judgments*, 56 Harv.L.Rev. 1; *Chabrán v. Méndez*, ante pág. 768.

La doctrina que debió aplicar la corte a quo, es la conocida como "la ley del caso" (*the law of the case*). En *Riesbeck Drug Co. v. Wray*, 39 N.E.2d 776, se expone dicha doctrina en la siguiente forma:

"La aplicación de la doctrina de 'la ley del caso' está bien expresada por la Corte Suprema en el caso de *Alerding v. Allison*, 1908, 170 Ind. 252, 260, 83 N. E. 1006, 1009, 127 Am. St. Rep. 363, en los siguientes términos: 'Cuando la suficiencia de una alegación o de la evidencia se pone a prueba, la Corte aquilata la cuestión por la regla de derecho aplicable a la serie de hechos alegados u ofrecidos como evidencia. En apelación si la sentencia de la Corte sentenciadora es confirmada, entonces la ley, según fuera declarada por la Corte en cuanto a esa situación de hechos en particular, continúa siendo "la ley del caso", en cuanto afecten los puntos adjudicados, a través de todas las etapas subsecuentes del caso. Pero si en apelación se determina que la corte sentenciadora ha errado en la aplicación de la regla correcta de derecho, y el caso es revocado y devuelto con derecho a ser enmendado y a un nuevo juicio, y las alegaciones, o el cuerpo de la evidencia es enmendado por la adición de nuevos hechos materiales que hacen un caso nuevo y diferente, y el cual exige la aplicación de una regla de ley enteramente distinta, en este caso, la ley según fuera declarada en la primera apelación sobre los anteriores hechos no es "la ley del caso" en la segunda apelación, porque el asunto adjudicado no es el mismo. No queremos decir, sin embargo, por esto que la mera adición de materia nueva a una alegación o al cuerpo de la evidencia es suficiente para eludir la regla de "la ley del caso". Enmiendas a una alegación que solo amplían, explican, o limitan los hechos anteriormente alegados o evidencia adicional que es meramente acumulativa a evidencia de la misma clase ofrecida en la primera apelación, no llevará la cuestión fuera de la operación de la regla'; y por esta Corte en el caso de *City of Bluffton v. McAfee, supra* [23 Ind. App. 112, 53 N. E. 1059] como sigue: 'Cuando se resuelve que una parte no puede recobrar bajo los hechos expuestos, dicha conclusión es obligatoria en una subsecuente apelación si los hechos continúan siendo los mismos; pero si los hechos son diferentes, y justifican una conclusión

diferente, la anterior decisión no es conclusiva en la subsecuente apelación. *Dodge* v. *Gaylord*, 53 Ind. 365; *Eckert* v. *Binkley*, 134 Ind. 614, 33 N. E. 619, 34 N. E. 441; *Ohio, etc. Ry. Co.* v. *Hill*, 7 Ind. App. 255, 34 N. E. 646.' "

Para otros casos véase Fourth y Fifth Decennial Digest, *Appeal and Error*, secciones 1097 (3) y 1195. Fué por tanto un error del tribunal a quo no aplicar dicha doctrina al resolver la moción de eliminación. *Cf. Foster* v. *Kragh*, 148 P.2d 586; *Coon* v. *Jackson*, 6 P.2d 811; *Sabol* v. *St. Louis Cooperage Co.*, 31 S.W.2d 1041 y *Strottman* v. *St. Louis I.M. & S.Ry. Co.*, 128 S.W. 187. *Olmedo* v. *Rivera*, 65 D.P.R. 49, 56; *González Padín Co.* v. *Tribl. de Contribuciones*, 67 D.P.R. 221, 228, escolio.

■■ Como fundamento adicional para decretar la eliminación solicitada, la corte a quo estimó que como los bienes sitos en Nueva York, de donde es domiciliada la demandante, han tenido su *situs* permanente en dicho Estado, los mismos deben regirse por la ley del domicilio de la demandante; que en Nueva York no existe el régimen de la sociedad de gananciales y que los tribunales de esta Isla carecen de jurisdicción para determinar en cuanto a dichos bienes.

No hay necesidad de reexaminar esos principios en el presente recurso. Basta decir que la referencia que a dichos bienes se hace en la contestación de los peticionarios, con excepción de lo alegado en forma disyuntiva en el párrafo (7) y al cual nos referiremos más adelante, no implica la necesidad de que se haga una adjudicación respecto al *status* de los referidos bienes sitos en Nueva York. Si bien, la corte a quo había de considerar si los susodichos bienes pertenecían o no a la Cruz y a González a base de una tenencia común (*tenancy in common*), según alegaron los peticionarios en su moción de reconsideración, tal consideración será meramente incidental a la determinación del hecho principal en controversia, a saber, la celebración del alegado convenio que convertía a González en dueño único de los bienes sitos en Puerto Rico. La sentencia del tribunal inferior, sea en uno u otro

sentido, no afectará el *status* de los bienes sitos en Nueva York. Esto es así porque si se probase la celebración del ameritado convenio, entonces González tendría título de dominio exclusivo sobre los bienes radicados en esta Isla y Clemencia Cruz continuaría siendo la dueña única de los bienes radicados en Nueva York. Si por el contrario, no se probase el convenio, entonces los bienes en Puerto Rico tendrían el *status* de gananciales, mientras que los de Nueva York conservarían su actual *status*. Podría argüirse que la corte podía resolver (*a*) que no se celebró el convenio, y (*b*) que los bienes sitos en Nueva York pertenecen en común y proindiviso a González y a la Cruz y que en este último caso, la corte había asumido jurisdicción sobre los bienes de Nueva York. Sin embargo, los peticionarios Tartak y Bejos no son cesionarios de todos los bienes o derechos que González tenía, bien como gananciales o bien en tenencia común con Clemencia Cruz. El interés de estos peticionarios se limita a la propiedad que adquiriera de otras personas, quienes a su vez adquirieron de González y su defensa va encaminada a demostrar que González tenía título suficiente para hacer el traspaso de tal propiedad específica. No pueden pues tener interés ni personalidad (*standing*) para litigar el *status* de los bienes de Nueva York. Precisamente por esta razón es que debe ordenarse la eliminación del párrafo (7) de su contestación. En dicho párrafo se plantea la defensa de que Clemencia Cruz está en posesión ilegal de los bienes sitos en Nueva York. Aun cuando la corte inferior tuviera facultad para así decretarlo ello en nada ayudaría a los peticionarios a establecer la validez de su título sobre el inmueble que litigan en esta acción.

*La resolución recurrida debe modificarse en el sentido de ordenar únicamente la eliminación de todo el párrafo (7) de la contestación a la Tercera Causa de Acción.*